## Daniel O'Kane

### v.

## The People of the State of Illinois.

*Criminal Law—Witness Fees in Criminal Case—Witness Subpœnaed in Several Cases at Same time—Whether Entitled to Fees in Each Case.*

Where a person is subpœnaed to attend, and does attend, a court of record in his own county as a witness in behalf of the people of the State in a number of separate criminal cases against different defendants pending at the same time for trial, such witness is entitled to receive his witness fees and mileage in each of the cases in which he is subpœnaed.

[Opinion filed April 11, 1892.]

In ERROR to the County Court of McLean County; the
Hon. C. D. MYERS, County Judge, presiding.

Mr. A. E. DeMANGE, for plaintiff in error.

Mr. E. H. MINOR, for defendants in error.

MR. JUSTICE BOGGS.  The only question presented for de-
termination is whether a person who is subpœnaed to attend
and does attend a court of record in his own county as a
witness in behalf of the people of the State in a number of
separate criminal cases against different defendants, pend-
ing at the same time for trial, is entitled to claim and receive
as witness fees one dollar per day and mileage in each of
the cases in which he is subpœnaed, or is he only entitled to
one dollar per day for each day which he attends and mile-
age to and from the court in full of all fees in all of the
cases in which he is subpœnaed.  The statute providing for
the fees of witnesses is as follows :

"Every witness attending in his own county upon trials
in the courts of record shall be entitled to receive one dol-
lar per day for each day's attendance and five cents per mile
each way for necessary travel."  Sec. 47, Chap. 52, Revised
Statutes.

The appellant contends that this statute can not be con-
strued to entitle a witness to per diem and mileage in each
of a number of different cases or trials when in fact such
witness only attends the court one day and only necessarily
travels once to and from the place of holding the court,
but that it should be construed to allow a witness one
dollar for each day in full compensation for that day—no
matter in how many cases he was required by the subpœnas
of the court to attend.  We can not assent to this view.
Though only one day at the court, such witness is in attend-
ance in all the cases and can not leave the court while any
of the cases in which he was subpœnaed remain for disposi-
tion.  He renders service in each case and the law does not
take cognizance of parts of a day in the matter of the payment

O'Kane v. The People.

of witnesses. It would be wholly impracticable to attempt to apportion a witness' per diem among all the different cases, or parties, according to the length of time a witness was detained upon the witness stand in each case, or according to the time occupied in the disposition of the different cases during any day. Nor can the other engagements of a witness at the court be taken into consideration. He may be in attendance as a party to other cases or as a grand juror or as an officer of the court; he is nevertheless entitled to per diem in each case for each day that he is required by law to attend as a witness in that case. The administration of justice requires that each witness be in court all the time until discharged, ready to answer in any case in which he has been subpœnaed and his right to demand fees in each case is, we think, clear.

Upon similar principles it is held in Vanatta v. Brewer, 85 Ill. 114, that where an officer served a subpœna upon several different witnesses residing at one place on the same day, requiring but one trip, he may rightfully charge mileage from the place of holding the court to the residence of each witness.

Our ruling as to the right of a witness to fees in each case in which he is subpœnaed is supported by Robinson v. Banks, 17 Ga. 211; Trudley v. Wyser, 1 Stewart (Ala.) 23; Beale v. Stevens, 14 P. (Cal.) 186; 10 Abbott's Pr. (N. Y.) 304.

The people of the State of Illinois pay nó witness fees in criminal cases. If the accused is acquitted or not brought to trial, or, if convicted, is insolvent, the witness, though forced by law to attend and wait upon the court, can have no compensation. The per diem allowed in each case, even if paid, is small. Attendance upon our courts as a witness is as a rule a burden cast by law upon the citizen and we think the fears expressed by counsel that it will, under the rule here announced, be adopted as a lucrative business, are groundless.

The judgment of the County Court must be affirmed.

*Judgment affirmed.*