## William P. Corbin v. The People of the State of Illinois.

1. Prosecution—*The Term Defined*—A prosecution is defined to be the institution or commencement and continuance of a criminal suit; the process of exhibiting formal charges against an offender before a legal tribunal and pursuing them to final judgment.

2. Costs—*Construction of the Statute.*—The effect of Sec. 511, Ch. 38, R. S., entitled "The Criminal Code," is to impose upon a convicted defendant the duty and liability of paying all the costs and fees legally earned and taxable in the case.

3. Costs—*Fees of Foreign Witnesses.*—Under Sec. 47, Ch. 53, R. S., entitled "Fees, etc.," the fees of foreign witnesses, whether on behalf of the people or of a defendant, are properly taxable as legal costs of a prosecution.

4. Costs in Criminal Prosecution—*Effect of a Taxation.*—When a defendant is convicted, the judgment is that he pay the fees appearing on the fee book, subject, of course, to his right to question the correctness of the bill by motion to retax, or by replevin of the fee bill. A judgment for the costs is incident to a judgment of conviction.

5. Criminal Prosecution—*Position of the County in Relation to the Same.*—Though prosecutions, criminal in character, proceed formally in the name of the people of the State, the county in which the crime is committed is recognized and treated by the provisions of the statute as having a relation to a criminal cause, practically that of a party to it.

6. Counties—*Payment of Fees in Criminal Cases.*—The duties devolving upon a party to a criminal proceeding are cast by law upon the county. Its privity to a criminal cause is such that the payment of the fees of witnesses by it under the statute, may well be regarded as a payment of such fees in advance by a party, to be recovered against the defendant, if convicted, as in civil actions.

7. Witnesses—*Fees of Non-Resident.*—The legislative design was to provide every poor or indigent defendant with means wherewith to defray the expenses of non-resident witnesses who know of facts material to his defense, and to relieve defendants, though amply able to pay such witnesses, from the necessity of doing so unless proven guilty.

8. Costs in Criminal Cases—*Liability of Person Convicted, To Pay Fees of Non-Resident Witnesses.*—It was not the design of the statute to relieve a defendant, when proven guilty of the charge against him, of the burden of paying witnesses' fees, or to make any distinction in that respect between the fees of resident or non-resident witnesses.

**Memorandum.**—Motion to re-tax costs and to quash fee bill. Error to the Circuit Court of Moultrie County; the Hon. Edmund P. Vail, Judge, presiding. Heard in this court at the May term, 1893, and affirmed.

The opinion states the case.

J. R. & WALTER EDEN, attorneys for plaintiff in error.

J. MEEKER, state's attorney, for the defendant in error.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

At the November term, 1887, of the Moultrie Circuit Court, an indictment charging the appellant with the crime of murder, was returned by the grand jury of that county. At the April term, 1890, of the same court, a final trial was had upon the indictment, the result being a verdict and judgment that the appellant was guilty of manslaughter.

At the instance of the accused and of the state's attorney certain witnesses, residents of foreign counties, were required to and did attend as witnesses in the case in the Circuit Court of Moultrie County. Each of such witnesses were, upon proper certificates, paid the witness fees allowed by law out of the county treasury of Moultrie county, and such fees were taxed in the bill of fees in the case by the clerk of the court.

When the case was finally disposed of the clerk issued a fee bill and execution against the appellant for the costs in the case, including the fees of such witnesses.

The appellant contends that fees of the witnesses who had been paid by the county, were not legally taxable to him as costs. He sought to quash the fee bill as to such fees but his motion to that effect was overruled, and he prosecutes this appeal to present that question to this court.

The statute provides that "when a person is convicted of an offense under any statute, or at common law, the court shall give judgment that the offender pay the costs of the prosecution. 1 Starr & Curtis' Stat., Sec. 511, Chap. 38.

A prosecution is defined to be the institution or commencement and continuance of a criminal suit; the process of exhibiting formal charges against an offender before a legal tribunal, and pursuing them to final judgment. Burrill's Law Dict., title "Prosecution;" Schulte v. Keokuk Co., 37 N. W. Rep. 376.

Such is the meaning of the word prosecution in the statute above quoted.

The effect of this statute is to impose upon a convicted defendant the duty and liability of paying all the costs and fees legally earned and taxable in the case.

The fees of foreign witnesses, whether on behalf of the people or of a defendant are, we think, properly taxable as legal costs of a prosecution. Sec. 47, Chap. 53, R. S., entitled "Fees, etc.," provides that a witness who attends in a criminal case for either the people or the defendant, shall, upon proper certificate, be paid his fees out of the treasury of the county where the crime was committed. The fees involved in the case at bar were so paid.

Counsel for the plaintiff in error insist that a judgment can not be rendered in favor of the witness, because he has been paid; nor in favor of the county, because the county is not a party to the proceeding; and that fees of foreign witnesses in criminal cases stand upon the same footing as fees of jurors; both are to be paid out of the county treasury. The duty of the clerk is to tax the fees of witnesses who make the affidavit required by the statute. This duty is in no wise affected by the fact that the witness may have received his fees from the county, the defendant, or any other person who was willing to and did advance the fees. Such fees are taxed by the clerk to the party in whose behalf the witness attended. When a defendant is convicted the judgment is that he pay the fees thus appearing on the fee book, subject, of course, to his right to question the correctness of the bill by motion to re-tax, or by replevin of the fee bill. A judgment for the costs is incidental to a judgment of conviction. Moody v. People, 20 Ill. 315.

It is true, a county is not in form a party to a criminal prosecution, yet so many duties and liabilities are imposed by law upon the county in conection with criminal proceedings in its courts that it can not be regarded as a stranger to such suits.

When a defendant is acquitted, or when convicted, if the costs of the circuit clerk can not be collected from the de-

fendants, the county is required to pay them. (Sec. 15, Chap. 53 R. S.) So in certain cases to pay sheriff's costs (Sec. 19, Chap. 53, page 1130; 1st Vol. S. & C. et al.); in all criminal cases to pay jurors' fees; also expenses of dieting accused persons confined in its jail, and in case of change of venue to pay jurors' fees and other expenses incurred by the county to which the venue is changed, and by the statute under consideration, to advance the fees of witnesses who reside in other counties, which, of course, are wholly lost if the defendant be acquitted.

Though prosecutions, criminal in character, proceed formally in the name of the people of the State, the county in which the crime was committed is recognized and treated by the provisions of the statute we have mentioned and by others not referred to, as having and bearing a relation to a criminal cause—practically that of a party to it. The name of "The People of the State of Illinois," in which a prosecution runs, is not that of either a natural or artificial person or corporation. The duties devolving upon the party prosecuting such a proceeding are cast by law upon the county, which is a body corporate and politic. Its privity to a criminal cause is such that the payment of the fees of witnesses by it under the statute may well, and in our opinion is to be regarded as a payment of such fees in advance by a party, to be recovered against the defendant if convicted, as in civil actions.

True, the statute requires the county to pay like witness fees to the witnesses in behalf of the accused. Two considerations, both beneficient to the accused, moved the enactment of this provision. First, the accused, if acquitted, would not recover from any one such costs by him expended in his own defense. Second, it provided a fund for the use of accused persons who might be financially unable to otherwise secure the attendance of necessary witnesses. The legislative design was to provide every poor or indigent defendant with means wherewith to defray the expenses of non-resident witnesses who knew of facts material to his defense, and to relieve defendants, though amply able to pay such

witnesses, from the necessity of doing so, unless proven guilty. It was not the design of the statute to relieve a defendant, when proven guilty of the charge against him, of the burden of paying witness fees, or to make any distinction in that respect between the fees of resident or non-resident witnesses. The judgment of the Circuit Court was, in our opinion, correct, and must be affirmed.