[No. 2038.   Decided January 13, 1896.]

THE STATE OF WASHINGTON on the Relation of M. M. CARRAHER et al., v. CARROLL B. GRAVES, Judge of the Superior Court of Yakima County.

WITNESSES IN CRIMINAL ACTIONS — SUBPŒNA — ALLOWANCE OF FEES — MANDAMUS TO COURT.

A defendant in a criminal action is not entitled to the issuance of a subpœna to compel the attendance of witnesses without an order of the court therefor having been first obtained.

Under Gen. Stat., § 3049, providing that at the close of each term of court the clerk shall certify the amount which may be due witnesses attending from another county in a criminal case for their fees, which, when approved by the court, shall be a charge upon the county to which the case belongs, the court acts judicially and not ministerially in passing upon such cost bills; and, where it has approved a bill with the fees for certain witnesses stricken out, mandamus will not lie at the suit of such witnesses to compel the court to allow their fees.

It is improper for a prosecuting attorney to strike the names of witnesses from a cost bill filed in the cause, but the proper procedure is to submit a report specifying the items which, in his opinion, should be allowed or disallowed.

*Original Application for Mandamus.*

*Byers & Byers,* for relators.

The opinion of the court was delivered by

Scott, J.—The relators are residents of King county in this state and were, by a subpœna issued from the superior court of Yakima county, required to attend upon said court on the trial of the cause of the state against one J. K. Edmiston.    The prosecution resulted in the conviction of said Edmiston, and a cost bill was regularly filed, which included the fees of the relators as witnesses in said cause.    This cost bill was sent to the prosecuting attorney of Walla Walla county, where said action had been originally brought, the same having been transferred to Yakima County upon a motion for a change of venue.    The said prosecuting attorney, in passing upon said cost bill, erased the names of all of the relators and refused to approve of the taxation of any witness fees for their attendance. Thereafter the respondent taxed the bill as approved by the prosecuting attorney; whereupon the relators instituted this proceeding for a writ of mandamus to compel the respondent to approve the cost bill as originally filed, in order that their fees might become a charge upon Walla Walla county.

The constitution, art. 1, § 22, provides that, "the accused shall have the right  .  .  .  to have compulsory process to compel the attendance of witnesses in his own behalf," and shall not "be compelled to advance money or fees to secure" the same.    Section 1307, Code Proc., provides that witnesses "may be compelled to attend and testify in open court, if they have been subpœnaed, without their fees being first paid or tendered, unless otherwise provided by law."    This

statute relates to the trial of criminal actions.    Section 1363 provides that, "the party accused shall have the right to produce witnesses and proofs in his favor, and have "compulsory process to compel the attendance of witnesses in his behalf."    Section 1655 provides punishment for the failure of any witness to attend, without a reasonable excuse therefor, after having been duly served with a subpœna.    Section 233, Gen. Stat., makes it the duty of the prosecuting attorneys "to carefully tax all cost bills in criminal cases arising in their respective counties, and   .   .   .   take care that no useless witness fees are taxed as part of such costs."    Section 3049 provides that "at the close of each term of the district court the clerk shall   .   .   .   also certify the amount which may be due witnesses attending from another county in a criminal case for their fees, which, when approved by the court or judge, shall be a charge upon the county to which the case belongs."

Under these provisions the accused is entitled to have compulsory process to compel the attendance of witnesses in his behalf, and without advancing any fees therefor.    The manner of proceeding in such cases is not pointed out by the statute, but it is clear that the defendant is only entitled to have necessary and material witnesses subpœnaed for him at the expense of the state or county, and he cannot be held to have the right to decide upon the materiality of the testimony that he expects from witnesses desired. The decision of this question must rest with the court, and in such cases no subpœna should be issued in behalf of a defendant to compel the attendance of witnesses without an order of the court having been first obtained.    We said as much in *State, ex rel. Thurs-*

*ton County, v. Grimes,* 7 Wash. 445 (35 Pac. 361). In
this instance, however, the clerk of the court, upon
the request of the attorney for the defendant, and
without any order of the court, issued a subpœna for
a large number of witnesses, nearly all of whom re-
sided at a considerable distance from the place of the
trial. This conduct upon the part of said attorney
and the clerk of the court was, to say the least, cen-
surable, in view of the plain direction given by this
court in the case aforesaid; but the question which re-
mains to be decided is, What effect did the same have
upon the right of the witnesses to recover their fees?
The witnesses had no means of knowing whether the
court had ordered their attendance; the subpœna was
regular upon its face, and they saw fit to obey its
commands, as they were in good faith bound to do.
None of the relators, however, were called upon to tes-
tify at the trial, and it seems to have been upon this
ground that their fees were stricken from the cost bill.

The relators contend that the action of the court in
approving a cost bill in such cases is purely minis-
terial, and in case the court refuses to approve a cost
bill regular upon its face, that a mandamus will lie to
compel such approval; and they further contend that
they have no right of action for their fees in the ab-
sence of an approval by the judge.

We are of the opinion, however, that under this stat-
ute it cannot be held that the action of the court in
passing upon the cost bill is ministerial, for a discre-
tion seems to be vested in the court to approve or re-
ject the same in whole or in part. We are furthermore
of the opinion that the language of the statute which
provides that said cost bill, when approved, shall be a
charge upon the county to which the case belongs, must

be held to mean presented for approval, and in this case the action of the court in approving the bill with the fees of the relators stricken therefrom amounted to a disapproval of the items stricken, and their right of action therefor would accrue thereon. It cannot be contended that the action of the court in such a case is conclusive. The witnesses in the first instance have nothing to do with the taxation of the fees, and they have a right to be heard and to their day in court; so, also, has the county or state the same right to a hearing.

In this connection, also, we desire to express our disapproval of the course pursued by the prosecuting attorney in this action, as appears by the record presented. The cost bill containing the fees of the relators as witnesses in said cause was regularly filed and then transmitted to said prosecuting attorney for his inspection, and it appears that said attorney, instead of submitting a report thereon as to what part of the same should be allowed and what part should be disallowed in his opinion, saw fit to strike the names of the relators from said bill by drawing a line across the same. The prosecuting attorney had no right to mutilate the cost bill in this particular. It was a part of the records of the court, and he had no more right to mutilate the same than he would have had to mutilate any other paper in the cause. The proper way of proceeding in such a case would be for said attorney to submit a report upon the cost bill, specifying the items which in his opinion should be allowed to the various parties, and those which should be disallowed, and in such case the court could properly act thereon; otherwise, upon the presentment of the bill with these names stricken, the court would

have no means of knowing whether the same had been stricken after the bill was filed or prior thereto, or by whom.

We are of the opinion that the writ must be denied. The judge has returned that he has not refused to consider the application of the relators to have their fees taxed as witnesses in said cause. A supplemental cost bill was filed for that purpose, and it seems that this has never been called up for action. However, as we are of the opinion that the action of the court in approving the cost bill with the names of the relators stricken therefrom, as aforesaid, was in effect a disallowance of their claims and was sufficient for them to base an action upon, in that view of the matter, also, the writ should not issue.

As to the question of the liability of the county or state for the witness fees of the relators, we do not undertake to decide in this proceeding, but leave that for future determination in an action brought to recover the same.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.