## Albert Ackerman v. The People, etc., for the Use of, etc.

1. APPEALS—*By Persons Not Parties to the Suit or Judgment.*—An appeal does not lie in favor of a person who is not a party to the judgment nor to the suit in which it was rendered.

Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Appeal dismissed. Opinion filed January 21, 1902.

JOHN M. DUFFY, attorney for appellant.

D. J. DOWNEY, attorney for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

In this proceeding, begun before a justice of the peace, it appears that a judgment was rendered against one Joseph Oswald, from which he appealed; appellant being surety on the bond.

Appellant appears thereafter to have become a party to the proceedings by a suggestion of the death of Oswald and an order entered April 13, 1899, " that the cause be revived in the name of Albert Ackerman, executor."

Thereafter a verdict appears to have been given against Ackerman as executor of Joseph Oswald.

July 13, 1899, by stipulation, this verdict was set aside and a new trial granted, and it was " further ordered that the order made and entered April 13, 1899, making Albert Ackerman, executor of Joseph Oswald, deceased, party defendant in place of Joseph Oswald, deceased, be and is vacated and set aside; and the appearance of L. P. Wilcox, attorney for said Ackerman, be and is stricken from the files, and "the death of defendants Joseph Oswald and Matthew Fleming is hereby suggested, and it is further ordered that this action proceed against the surviving defendant, Francis Jones, to abide any further order, judgment or decree made herein by this court."

October 23, 1899, the appeal was dismissed for want of

prosecution and a judgment of $20 was entered against Joseph Oswald.

June 15, 1900, appellant, on leave had, filed a "written motion to vacate error in record."

From the judgment against Oswald appellant prosecutes this appeal.

Appellant is not a party to the judgment nor was he to the suit in which it was entered. He can not appeal therefrom. The appeal is dismissed.