## Robert W. Troxell, Appellant, v. County of Union, Appellee.

1. PLEADING—*what essential to affirm action of court in sustaining demurrer to declaration.* If a demurrer is sustained to an entire declaration the action of the court in that regard in order to be affirmed must be approved as to each and every count composing the declaration.

2. FEES AND SALARIES—*common law doctrine as to liability of county for witness fees.* In the absence of a statutory provision to the contrary, the rule in this state is that no county is liable for witness fees in a criminal case, no matter whether the state or the defendant wins the suit.

3. FEES AND SALARIES—*section 47 of act construed.* A foreign witness is entitled under this statute to his fees, whether sworn or not, if his evidence would have been material, and if his fees are proper and reasonable, when he has complied with the statute in the matter of making and tendering his affidavit as to such claim. Such a witness is not bound by the arbitrary and wrongful refusal of the judge to make the certificate provided for by the statute, nor is he bound by the erroneous decision of the judge with respect to such matter. If the judge refuses to rule and rules erroneously, his remedy is by action against the county and not by *mandamus* or appeal. If, however, the judge and the clerk make the certificates provided for by statute in favor of the allowance, the county treasurer is authorized to recognize the claim; but the certificate of the judge is not absolutely binding and conclusive as against the county.

4. STATUTORY LAW—*construction of provisos.* The rule of construction as to provisos in statutes is that where they follow and restrict an enacting clause general in its scope and language, they are to be strictly construed and limited to the objects fairly within their terms. They should not be so construed as entirely to defeat the provisions of the enacting clause.

Action of debt. Appeal from the Circuit Court of Union county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed April 15, 1911.

**Statement by the Court.** Robert W. Troxell, appellant, brought this action of debt against the County of Union to recover certain witness fees alleged to be

due him as a foreign witness in seven criminal cases
theretofore disposed of in the County Court of said
county. A demurrer was filed by appellee to the
declaration in which was set forth as special grounds
of demurrer, that the declaration shows that the affi-
davit of plaintiff claiming such fees as a foreign wit-
ness was never certified to by the trial judge as is
provided by statute. The court sustained this de-
murrer and, appellant electing to stand by his dec-
laration, judgment was rendered against him and in
favor of the appellee.

The declaration charges in substance in every one
of the different counts, that the defendant is indebted
to plaintiff in the sum of $26.30 for his actual appear-
ance in said court in obedience to subpoenas issued
out of said court at the request of the state's attorney
of said county, and served upon him at his residence
in Springfield, Illinois, commanding him to appear as
a witness in seven cases in said county; that said
causes were criminal prosecutions brought against
seven separate and different defendants for selling liq-
uor in no-license territory; that plaintiff attended said
court four days as a witness in said causes in obedi-
ence to said subpoenas and was then excused from
further attendance therein by the state's attorney;
that plaintiff necessarily traveled in going to, and
returning from, said court a distance of 446 miles,
which was the shortest, most direct, and usually trav-
eled route; that after being discharged as aforesaid,
he made and filed with the clerk of said court, his
affidavit, setting forth the said distance traveled, that
it was the usually traveled and most direct route, and
the number of days' actual attendance in said court,
and that such attendance was at the instance of the
state's attorney. Further avers that plaintiff was a
material witness in said cases, that said amounts
claimed by him as mileage and *per diem* as a foreign
witness were reasonable and in compliance with the
statute and that the distance traveled by him was the

most direct and usually traveled route; that he then and there presented to the presiding judge in said causes, his affidavit of claims and requested said judge to add his certificate that the amounts were reasonable and that the plaintiff was a material witness in said causes. It is further averred in the first, fifth, sixth and seventh counts of the declaration that said judge refused to so certify and still refuses so to do, but on the contrary did then and there hold that said amount was not reasonable, nor any part thereof, and that said plaintiff was not a material witness. And in the second, third and fourth counts of the declaration it is averred that said judge refused to so certify and still refuses so to do, without any good or sufficient reason therefor, arbitrarily, and wrongfully and arbitrarily, etc.

CHARLES G. BRIGGLE, T. C. TORRENCE and JAMES LINGLE, for appellant.

WILLIAM D. LYERLE, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

The said demurrer being sustained as to every one of said seven counts to the declaration, the judgment of the lower court must be sustained, if it is sustained, upon the ground that no one of said several counts presents a good cause of action. In the absence of a statutory provision to the contrary, the rule in this state is that no county is liable for witness fees in a criminal case, no matter whether the State or the defendant wins the suit. O'Kane v. The People, 46 Ill. App. 225. The decision of this case then necessarily depends upon the proper interpretation of that portion of paragraph 47, chapter 53 of our Statutes, entitled, "Fees and Salaries," which provides as follows: "In criminal cases where a witness shall be required to attend from a foreign county or state, either before the grand jury or at the trial of the cause

in the court, he shall be allowed five cents per mile each way in full of all compensation, except the *per diem* for actual attendance upon such court or before such grand jury, which shall be one dollar per day for each day's necessary attendance to be paid out of the county treasury of the county where the crime was committed on the certificate of the clerk of the court where the trial is being had: Provided, he shall make affidavit of the distance traveled, that it was the usually traveled and most direct route, of the number of days' actual attendance, and that such attendance was at the instance of the state's attorney or the accused, or his attorney, to which shall be added the certificate of the judge that the amount is reasonable and that he was a material witness in the court or before the grand jury.''

It must be conceded that by the demurrer the defendant admits that the plaintiff has done all that is required of him to do in regard to claiming and collecting his witness fees; and that he has stated a good cause of action, if there can be such a cause stated in any case where the trial judge has wrongfully refused to add his certificate to the plaintiff's affidavit of claim. In fact the only objections urged to the declaration by appellee is that it fails to aver that the trial judge's certificate and the clerk's certificate are added to appellant's affidavit as suggested by the statute. The clerk could not be compelled to certify this claim unless the trial judge's certificate was added; and if the clerk should do so without the judge's certificate, the county treasurer could not be compelled to pay the same, until some court of competent jurisdiction had rendered a judgment for the claim in favor of appellant and against appellee. The trial judge could not be compelled to add his certificate for any certain amount, nor to certify that the plaintiff was a material witness, because his act in making this certificate is a judicial act as distinguished from a ministerial act, that is to say he acts according to his judgment and

not in the matter of a set task where he can only act in accordance with specific and positive directions of a statute and without discretion. Hence, none of the aforesaid officers, nor all of them, could be compelled by *mandamus* proceedings to give him any proper relief. 19 Am. and Eng. Ency. of Law, 2nd Ed., 780, 785 and 786; The State ex rel. Carraher v. Graves, Judge, 13 Wash. 485.

It is averred in four of said counts that the trial judge did pass on appellant's claim and held that the amount was not reasonable, nor any part thereof, and that said plaintiff was not a material witness. So as to these counts there can be no question that *mandamus* proceedings could not be availing, for while the judge might be compelled by *mandamus* to decide the question, after deciding it he could not be compelled to change his decision. So those four counts of the declaration must be good counts and not demurrable, if the appellant has any remedy at all, unless he was compelled to appeal from the trial judge's decision. While the act of the trial judge in refusing the appellant his certificate was a judicial act as distinguished from a mere ministerial act, yet, it is not a judgment of a court of law in a legal sense and binding on appellant as such. Neither appellant nor the appellee was a party to any one of the criminal suits, and could not appeal from any judgment or order for costs, if one had been made therein. There is no right of appeal given to either of them. Ackerman v. The People, 99 Ill. App. 576; The State v. Fair, 35 Wash. 127.

There is much reason and justice in the idea expressed in this statute, that the burden of the expense of foreign witnesses in criminal cases ought to be borne by the whole people of the county where the crimes are committed, rather than by the foreign witnesses who have to travel long distances, through no fault of themselves, to give evidence as to occurrences out of their neighborhood. If they must bear their ex-

penses in such cases, the burden is necessarily heavier on them than on the very people who are the more benefitted and the more interested personally in the result of the prosecutions, the people of the county where the alleged crimes are committed. We are unable to see any cause for alarm by reason of this statute by reason of supposed frauds that might be perpetrated, if parties are allowed to maintain suits of this character where it is charged that the trial judge wrongfully refuses to certify a foreign witness claim, in view of the fact that such cases must be passed on by a jury of men who must bear their portion of the judgments, if the plaintiffs win. We are however much impressed with the claim of the appellee that justice will generally be done in these cases by the trial judges in the matter of the granting or the refusing of these certificates. But it is in this case in various ways very positively averred that the trial judge has wrongfully refused the certificate in this case, and under the rules of pleading this averment must be accepted as true on demurrer, and the question now is, is the appellant bound in this case by the arbitrary or wrongful act of the trial judge in refusing to grant the said certificate? The question is one of grave importance. If the appellant is so bound, then the county is also bound thereby; and in any case imaginable, the claimant and the county must be so bound, no matter how great a wrong might be perpetrated against either party. The next time a very great wrong may be done the county by the trial judge by wrongfully or erroneously allowing a claim that is grossly excessive and fraudulent. In this case as in many others where the judge does not and cannot hear from the mouth of the witness the actual evidence of the witness, he must rely on other information as to the materiality of the evidence, and his certificate must necessarily depend on this information as to its correctness. A foreign witness is entitled under this statute to his fees whether sworn or not, if his evidence would have been material and if

his fees are proper and reasonable, when he has complied with the statute in the matter of making and tendering his affidavit as to such claim. A close inspection of the statute convinces us that both the appellant and the appellee are entitled to their day in court, and that they are not bound by the arbitrary and wrongful or the erroneous decision of the trial judge. The plain provision and meaning of the statute is that such fees are to be paid out of the county treasury of the county where the crime was committed on (at the time of) the certificate of the clerk, if the witness shall make the proper affidavit required by the statute, and that the statute then further provides that the judge add his certificate as provided in the statute. We do not regard either the clerk's or the judge's certificate as an absolute requirement to the collection of the fees by such witness; but when both certificates are added, the treasurer would be completely exonerated in paying the claim. The rule of construction as to provisos in statutes is that, where they follow and restrict an enacting clause general in its scope and language, they are to be strictly construed and limited to the objects fairly within their terms. They should not be so construed as entirely to defeat the provisions of the enacting clause. Endlich on Interpretation of Statutes, secs. 185 and 186; Sutherland on same, sec. 223; Epps v. Epps, 17 Ill. App. 196.

We have been unable to find any decisions on this statute. The nearest analogous cases to which we have been cited are the following: The State ex rel. Carraher v. Graves, 13 Wash. 485; DeSoto Co. Commrs. v. Howell, 51 Fla. 160.

We think that all of the counts in the declaration state good causes of action, and that the court erred in sustaining the demurrer thereto.

The judgment of the court is reversed and the cause is remanded for further proceedings in accordance herewith.

*Reversed and remanded.*