THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, *v.* DAVID GOSS *et al.*, Defendants.—(THE DEPARTMENT OF CORRECTIONS, Appellant, *v.* THE COUNTY OF WILL, Appellee.)

(No. 75-19; )

Third District—January 23, 1976.

William J. Scott, Attorney General, of Chicago (Thomas Connors, Assistant Attorney General, of counsel), for appellant.

Martin Rudman, State's Attorney, of Joliet (Nicholas Sakellarious, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is by the Department of Corrections of the State of Illinois from an order of the circuit court of Will County ordering the Department of Corrections to pay to Will County the sum of $250 for the value of the services of the Public Defender in each of the three cases in this litigation. Appellant, the Department of Corrections, is represented by its attorney, the Attorney General.

The above order was entered pursuant to a motion by the State's Attorney of Will County on behalf of Will County, based upon section 3—6—5 of the Unified Code of Corrections which provides as follows, "When any person is charged with committing an offense while confined by the Department [Department of Corrections], cognizance thereof shall be taken by the circuit court of the county wherein such crime was committed. Such court shall adjudicate and sentence the person charged with such crime in the same manner and subject to the same rules and limitations as are now established by law in relation to other persons charged with crime. The expense of prosecution shall be paid by the Department." (Ill. Rev. Stat. 1973, ch. 38, par. 1003—6—5.) Appellee contends the General Assembly did not intend to exclude the Public Defender as an expense of prosecution. Although other issues are raised on this appeal, due to the view we take of this case we need deal with only one. The issue is whether the language "expense of prosecution" was intended by the General Assembly to include the services of the Public Defender.

■■ It is an established rule of statutory construction that a statute shall be construed to give effect to the intention of the legislature. (*Lincoln National Life Insurance Co. v. McCarthy*, 10 Ill.2d 489, 140 N.E.2d 687 (1957).) Appellee cites two cases in support of its argument that the "expense of prosecution" language was intended by the General Assembly to include the services of the Public Defender. (*Corbin v. People*, 52 Ill.App. 355 (1893), and *People ex rel. Conn v. Randolph*, 35 Ill.2d 24, 219 N.E.2d 337 (1966).) Both cases are distinguishable in that neither case was concerned with the payment of Public Defender's fees. The *Corbin* case involved payment of the fees of foreign witnesses and the *Randolph* case involved payment of court-appointed private counsel. Even though the court in *Randolph* did hold the provision in the State Penitentiary Act (Ill. Rev. Stat. 1965, ch. 108, par. 118) for payment of "prosecution costs" was statutory authority for reimburse-

ment of fees and costs to private counsel, the Illinois Supreme Court later distinguished *Randolph* in *Rosemont Building Supply Inc. v. Illinois Highway Trust Authority,* 51 Ill.2d 126, 281 N.E.2d 338 (1972). Therein the court stated: "The amount of the fees, not the right to them, was the real issue in *Randolph*." 51 Ill.2d 126, 130.

■■ In the instant case this court would be usurping the authority of the General Assembly should we hold the Public Defender's services are includable as expenses of prosecution. The intention of the General Assembly as to the payment of Public Defender fees is clearly set forth in other statutes as follows: "Upon the filing with the court of a verified statement of services rendered the court shall order the county treasurer of the county of trial to pay counsel other than the Public Defender a reasonable fee * * *." (Ill. Rev. Stat. 1973, ch. 38, par. 113—3(c).) "The Public Defender, as directed by the court, shall act as attorney, without fee, * * *." (Ill. Rev. Stat. 1973, ch. 34, par. 5604.) "The Public Defender shall be paid out of the county treasury as the sole compensation for his services a salary in such amount as shall be fixed by the County Board * * *." (Ill. Rev. Stat. 1973, ch. 34, par. 5605.) We hold the General Assembly did not intend by the language "expense of prosecution" as contained in section 3—6—5 of the Unified Code of Corrections to include the services of the Public Defender.

For the foregoing reasons the judgment of the circuit court of Will County is reversed.

Reversed.

ALLOY and BARRY, JJ., concur.