THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARCHIE BRUNKHORST, JR., Defendant-Appellant.

Fifth District   No. 79-328

Opinion filed January 11, 1980.

John H. Reid and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William A. Schuwerk, Jr., State's Attorney, of Chester (Raymond F. Buckley, Jr., and William S. Zale, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Archie Brunkhorst, Jr., was convicted of reckless conduct and unlawful use of weapons by a jury in the Circuit Court of Randolph County. The convictions arose out of a shooting incident in which defendant shot the victim in the mouth in a dispute over a quarter in a tavern in Chester, Illinois. Defendant was sentenced to concurrent terms of 364 days imprisonment. Defendant has sought leave to file a supplemental brief in which he questions the propriety of the trial court's order that he pay restitution, and this court has granted the motion.

■■ Relying on *People v. Breen* (1976), 62 Ill. 2d 323, 342 N.E.2d 31, and *People v. Lumley* (1979), 76 Ill. App. 3d 221, 394 N.E.2d 1079, defendant contends that he could not be sentenced to imprisonment and also ordered to pay a fine and restitution. *Breen* and *Lumley* were decided pursuant to the law in effect prior to the recent amendments to the Unified Code of Corrections (Ill. Rev. Stat., 1977 & 1978 Supp., ch. 38, par. 1003—1—1 *et seq.*). Section 5—5—3(b) of the Unified Code of Corrections, as amended (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3(b)) allows a court to impose alone, or in combination, a term of imprisonment, a fine, or an order directing the offender to make restitution to the victim under section 5—5—6 of the amended Unified Code of Corrections. Defendant was convicted of unlawful use of a weapon in violation of section 24—1(a)(8) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 24—1(a)(8)), which provides for a minimum sentence of imprisonment for one day (Ill. Rev. Stat. 1977, ch. 38, par. 24—1(b)). Section 5—5—3(c)(2) of the Unified Code of Corrections, as amended, (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3(c)(2)) provides that in addition to a sentence of imprisonment for violation of section 24—1(a)(8) of the Criminal Code of 1961, the court "may order a fine or restitution or both in conjunction with such term of imprisonment." Therefore, we find no error in the court's sentencing defendant to pay restitution.

■■ Defendant further contends that his sentence is excessive. We have examined the entire record on appeal and find that the sentence was not an abuse of discretion (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882), nor has defendant rebutted the presumption that the sentence was proper (*People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670).

Defendant lastly contends that the court improperly assessed defendant $71 in witness fees as part of the costs of prosecution. In *Corbin v. People* (1893), 52 Ill. App. 355, the court ruled that witness fees properly could be assessed as costs of the prosecution upon a defendant who was found guilty. We are of the opinion that *Corbin* is still the law of Illinois and that the trial court in the case at bar properly imposed the witness fees as part of the costs of prosecution pursuant to section 47 of "An Act concerning fees and salaries * * *" (Ill. Rev. Stat. 1977, ch. 53, par. 65) and section 13 of division XIV of the Criminal Code of 1874 (Ill. Rev. Stat. 1977, ch. 38, par. 180—3). Illinois courts have historically assessed witness fees as part of the costs of prosecution, and we find no reason to overrule *Corbin* and the foregoing practice.

For the foregoing reasons, we find no error in sentencing, and we affirm the judgment of the Circuit Court of Randolph County.

Affirmed.

HARRISON and SPOMER, JJ., concur.