THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARK A. SHACKELFORD, Defendant-Appellant.

Third District   No. 3—91—0334

Opinion filed February 21, 1992.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Greg McClintock, State's Attorney, of Monmouth (Nancy Rink Carter, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The trial court found the defendant, Mark A. Shackelford, guilty of aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(d)). It thereafter sentenced him to two years' probation, conditioned upon his serving 60 days in jail, paying a $200 fine, and paying $292 in witness fees. The defendant appeals, arguing that the court erred in ordering him to pay the $292 cost of transporting two State witnesses to Illinois to participate in the proceedings against him. We affirm.

The record shows in pertinent part that the 14-year-old victim and her 18-year-old aunt, who was also a witness, travelled by train from Denver, Colorado, to Galesburg, Illinois, for the defendant's trial. The defendant is not contesting the amount spent on transportation or the necessity of transporting the witnesses by train. His contention is that the State's costs for transporting its witnesses can never be assessed against a defendant.

The defendant notes that the allowance and recovery of costs, being unknown at common law, rests entirely upon the statutory provisions, which must be strictly construed. (*People v. Bratcher* (1986), 149 Ill. App. 3d 425, 500 N.E.2d 954.) Accordingly, the assessment of costs or

fees not authorized by statute is an abuse of discretion. *People v. Nicholls* (1977), 45 Ill. App. 3d 312, 359 N.E.2d 1095.

Section 13 of division XIV of the Criminal Code of 1874 provides:

"When any person is convicted of an offense under any statute, or at common law, the court shall enter judgment that the offender pay the costs of the prosecution. Such costs shall include reasonable costs incurred by the Sheriff for serving any arrest warrants, for picking up the offender from a county other than the one in which he was convicted, and for picking up the offender from any location outside the State of Illinois pursuant either to his extradition or to his waiver of extradition." Ill. Rev. Stat. 1989, ch. 38, par. 180—3.

The defendant argues that under a strict construction of section 13, the train tickets cannot be said to constitute a cost of prosecution. He therefore concludes that the trial court lacked authority to order him to pay for the tickets.

We find that historically Illinois courts have ruled that witness fees are properly assessed as costs of prosecution. (See *Corbin v. People* (1893), 52 Ill. App. 355.) More recently, the Fifth District Appellate Court has held that *Corbin* is still the law in Illinois and witness fees may be properly imposed as part of the costs of prosecution pursuant to section 47 of the Fees and Salaries Act (Ill. Rev. Stat. 1989, ch. 53, par. 65). (*People v. Brunkhorst* (1980), 80 Ill. App. 3d 815, 400 N.E.2d 472.) Section 47 provides that when an out-of-State witness is required to travel to Illinois to attend a criminal trial, the county treasury shall pay him 20 cents per mile travelled.

In *People v. Hanei* (1980), 81 Ill. App. 3d 690, 403 N.E.2d 16, the fifth district noted that section 13 does not expressly refer to witness fees as part of the costs to be assessed by the court clerk. The court went on to hold, however, that even though it is apparent that the primary concern of section 47 is the payment of fees to the witness and not the taxing of fees as costs, historical practice and precedent require the clerk to assess as costs all fees of witnesses subpoenaed to testify in a cause. Such fees are then the subject of a judgment against a convicted defendant pursuant to section 13.

We further note that in *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, the Illinois Supreme Court cited *Corbin* with approval. Although *Nicholls* is not directly on point, it is analogous to the instant case. The court held in essence that the general language of section 13 may be read in conjunction with other statutes allowing for the payment of specific expenses in criminal trials. If the specific provisions, when read with section 13, evince a legislative scheme to authorize the taxing

of those expenses as costs against an unsuccessful criminal defendant, those costs may be properly assessed against such a defendant. In the instant case, we find that when sections 13 and 47 are read together, a legislative scheme to allow the taxing of witness travel expenses as costs is evinced.

We are aware that in *People v. Reynolds* (1987), 152 Ill. App. 3d 216, 504 N.E.2d 163, the Fourth District Appellate Court took a position which could be construed to be at odds with the general rule that witness fees may be taxed as costs. The appellate court held that the trial court had improperly assessed the State's expert witness fees as a cost of prosecution. *Reynolds* is distinguishable, however, on the mere fact that expert witness fees are not the same as witness transportation expenses. More importantly, the *Reynolds* court reached its conclusion based simply on its observation that section 13 is to be strictly construed. We find the detailed analyses in *Hanei* and *Nicholls* more instructive.

For the foregoing reasons, we hold that the trial court properly assessed as costs the State's expenses in transporting two of its witnesses. Although the defendant does not contest the actual amount, we note that it is far less than the 20 cents per mile allowed under section 47. As such, we find no abuse of discretion in the amount of the fees taxed as costs.

The judgment of the circuit court of Warren County is affirmed.

Affirmed.

STOUDER and McCUSKEY, JJ., concur.