Elsie Buchan, Appellee, v. Collin Buchan, Appellant.

(Not to be reported in full.)

Appeal from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded with directions. Opinion filed April 21, 1916. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Bill for separate maintenance by Elsie Buchan, plaintiff, against Collin Buchan, defendant. From a decree for complainant, defendant appeals.

DOBBINS & DOBBINS and GREEN & PALMER, for appellant.

HERRICK & HERRICK and JOSEPH P. GULICK, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. EQUITY, § 425*—*when conclusions of master advisory only.* In matters other than stating an account, a master in chancery's conclusions are simply advisory and only prima facie correct, and the court may modify or reject the report if it is erroneous, defective or against the weight of evidence.

2. HUSBAND AND WIFE, § 264*—*when evidence sufficient to show that separation is fault of wife.* Evidence in a suit for separate

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

maintenance, showing among other things that the complainant attended dances and associated against her husband's wishes with persons of questionable character, *held* to show that the separation was the fault of the complainant.

3. HUSBAND AND WIFE, § 264*—*when evidence insufficient to show that offer of wife to live with husband made in good faith.* In a suit for separate maintenance where, after leaving her husband without due cause, the complainant, two days before filing her bill, and after having consulted with her attorney in regard to bringing suit, went to her husband's house in company with a person whom her husband had objected to her associating with and offered to live with him if he would do what was right, meaning thereby to be allowed to do things which her husband justifiedly objected to, *held* insufficient to sustain a finding that such offer was not made in good faith, and a decree in her favor should be reversed.