## The People of the State of Illinois, Defendant in Error, v. Charles W. Parks, Plaintiff in Error.

1. HUSBAND AND WIFE, § 272*—*when instruction erroneous in prosecution for nonsupport.* In a prosecution for nonsupport, an instruction undertaking to define destitute and necessitous circumstances as a legal proposition by stating that such circumstances arose if the wife's property was insufficient for her support, was misleading.

2. CRIMINAL LAW, § 310*—*when instruction on reasonable doubt erroneous.* In a prosecution for nonsupport, an instruction as to reasonable doubt stating that if they "have no reason to believe any other hypothesis than that of the guilt of the defendant, you are satisfied beyond a reasonable doubt," is misleading and confusing.

3. COSTS, § 114*—*right to tax on prosecution for wife abandonment.* In a prosecution for nonsupport, the court may tax a fee of $15 to which the State's Attorney is entitled as part of the costs, under section 8 of chapter 53 of the Fees and Salaries Act (J. & A. ¶ 5600), but the taxation of another fee of $25 for the wife's attorney is error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. HUSBAND AND WIFE, § 272*—*what is nature of prosecution for nonsupport*. A proceeding for the violation of section 1 of chapter 68 of Hurd's Rev. St. [Call. 1913 Stat. ¶ 3433(1)], as to desertion or refusal to support a wife or child under the age of 18 years, is criminal in its nature, and the evidence of the violation of the statute should be sufficient to prove the plaintiff guilty beyond a reasonable doubt.

5. HUSBAND AND WIFE, § 273*—*when desertion by wife shown*. In a prosecution for nonsupport, where it appears that the defendant's wife left him without cause and voluntarily, and such wife returned at one time without notice and accompanied with two witnesses, at that time acting under advice of counsel, the return was not of the character that it should have been, and the evidence was insufficient to establish a violation of section 1 of chapter 68, Hurd's Rev. St. [Call. 1913 Stat. ¶ 3433(1)], as to desertion or refusal to support a wife and minor child.

6. HUSBAND AND WIFE, § 275*—*when allowance of temporary alimony pending appeal on prosecution for nonsupport erroneous*. On a conviction for the violation of section 1 of chapter 68, Hurd's Rev. St. [Call. 1913 Stat. ¶ 3433(1)], the entry of an order allowing a certain sum as temporary alimony pending the decision of the Appellate Court is erroneous, as there is no statutory provision therefor, the only provision being in section 3 [¶ 3433(3)], as to an allowance to the wife before the hearing in the trial court.

Error to the County Court of Effingham county; the Hon. BARNEY OVERBECK, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded. Opinion filed March 25, 1920.

JACOB ZIMMERMAN and HARRY J. RICKELMAN, for plaintiff in error.

BYRON PIPER and G. P. DENTON, for defendant in error.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

An information as filed in the county court of Effingham county charging that plaintiff in error (hereafter called plaintiff), without reasonable cause, did neglect and refuse to provide support and maintenance for

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

his wife, Mary J. Parks, she being in destitute or necessitous circumstances. A plea of not guilty was entered and a trial was had resulting in a verdict of guilty. A new trial was denied, judgment was entered on the verdict and a fine of $200 was assessed against plaintiff to be paid to his wife in monthly instalments. The court also assessed an attorney's fee of $25 for one G. P. Denton as a part of the costs.

A writ of error being prosecuted to reverse said judgment, the court entered an order requiring plaintiff to pay to his wife $10 per month, commencing on the 1st of August, 1919, and to continue until the final order of the Appellate Court.

The record discloses that plaintiff was married to Mary J. Parks on August 20, 1916; both of said parties had been previously married and both had children, plaintiff having five children living with him and his said wife having one son living with her at the time of said marriage. Plaintiff and family resided on a farm in Effingham county. On the 10th day of March, 1917, said Mary J. Parks with her son, Earl, removed from the home of the plaintiff to a farm of 22 acres owned by her in said county. Thereafter on October 10, 1918, she filed a bill for separate maintenance, averring among other things: "That she had been and is now ready and willing to live with him (plaintiff in error) as his wife, if he could treat her as a wife should be treated." In the answer of plaintiff, he averred among other things: "And the defendant further answering says that he earnestly and honestly endeavored to persuade complainant not to leave him, and he further says that at all times since she left she has been and is now welcome to return to his home."

No trial was had of said separate maintenance suit and on February 15, 1919, it was dismissed by the complainant. On February 20, 1919, on the advice of her attorney, plaintiff's wife went to the house of

plaintiff taking with her, her son and two other persons. Plaintiff was not at home when his wife arrived and she was refused admittance by a son and daughter of plaintiff. Thereupon Mrs. Parks returned to her farm, where she has resided ever since.

The record further discloses that plaintiff's wife thereafter attempted to purchase goods on the credit of her husband but was refused such credit by the merchants.

It is insisted by plaintiff that the court erred in its rulings on the evidence and on the instructions, in taxing said fee of $25 in favor of attorney Denton as costs, and in overruling the motion for a new trial.

We have examined the record and are of the opinion that there is no serious error in the rulings of the court on the evidence. Instruction 5, given on the part of the People, is as follows: "The court instructs the jury as a matter of law that the words destitute and necessitous circumstances do not mean without any means of support whatever, and in this case although you may find from the evidence that the prosecuting witness has some property of her own, and did have property of her own on the 20th day of February, 1919, yet unless you further find from the evidence that she had sufficient property of her own out of which she could properly maintain and support herself, then you are warranted in finding that she now is and on the 20th day of February, 1919, was in destitute and necessitous circumstances." This instruction is misleading in that it undertakes to define as a legal proposition what in the particular case would amount to destitute and necessitous circumstances.

Instruction No. 7 in attempting to explain the meaning of the expression, "that the guilt of the defendant must be proven beyond a reasonable doubt" tells the jury if after hearing all of the evidence, "you have no reason to believe any other hypothesis than

that of the guilt of the defendant, you are satisfied beyond a reasonable' doubt.'' This instruction was misleading and tended to confuse the jury and should not have been given.

The taxing of the fee of $25 for attorney Denton as part of the costs in this proceeding was clearly without warrant of law. The statute under which this information was filed does not provide for the assessing of attorney's fees as costs. Section 8 of chapter 53, being the chapter on Fees and Salaries (J. & A. ¶ 5600), however, provides, with reference to the fees of State's Attorneys, that: ''For each conviction in other cases in courts of record, including cases brought to such courts by appeal from justices of the peace and police magistrates, $15.'' In our judgment, a fee of $15 was properly taxed as a part of the costs but the court taxed in all a fee of $40, $15 for the State's Attorney and $25 to attorney Denton. The court erred in taxing said fee of $25 as costs.

It is next contended by the plaintiff that the court erred in overruling the motion for a new trial. The principal ground urged in support of this assignment of error is that the evidence does not disclose that plaintiff in error was guilty of a violation of section 1 of chapter 68 of Hurd's Revised Statutes [Call. 1913 Stat. ¶ 3433(1)] being the statute under which this information was filed. That statute provides as follows: ''That every person who shall, without any reasonable cause, neglect or refuse to provide for the support or maintenance of his wife, said wife being in destitute or in necessitous circumstances, or any person who shall, without lawful excuse, desert or neglect or refuse to provide for the support or maintenance of his or her child or children under the age of eighteen years, in destitute or necessitous circumstances, shall be deemed guilty of a misdemeanor and on conviction thereof shall be punished by a fine of not to exceed six hundred dollars or by imprisonment

in the county jail, house of correction or workhouse, not to exceed one year, or by both such fine and imprisonment.''

The principal facts in this case are not disputed. and are as above set forth, and we are clearly of the opinion that the evidence wholly fails to support the verdict and judgment in this case. So far as the record discloses, plaintiff's wife left him voluntarily and without cause and we do not think that the facts and circumstances in connection with her visit to the home of plaintiff on February 20, 1919, were in and of themselves sufficient on which to base a criminal prosecution under the above statute. The record discloses that plaintiff's wife gave him no notice of her intended return, either directly or indirectly; that she was accompanied by two witnesses besides her son and was acting under advice of counsel in so doing. In our judgment, her return was not of the character it should have been in view of the evidence disclosed by the record. There is nothing in the record to show that when she left plaintiff she had any cause justifying her in so doing.

In *People v. Honaker*, 281 Ill. 295, the court at page 298 says: ''The statute makes it an offense to desert or neglect or refuse to provide for the support or maintenance of a child under the age of 18 years, in destitute and necessitous circumstances. The defendant was charged with that offense, but there was no evidence tending to prove him guilty of desertion, the fact being that the child was taken away by his wife. It is also an offense to neglect or refuse to provide for the support and maintenance of a wife who is in destitute and necessitous circumstances, and there was no evidence tending to prove that offense. The defendant provided a home for his wife and provided for her support and maintenance there, and there was no evidence, even after his wife deserted him and took from the home practically everything and left

him in a dismantled home, that the defendant was called upon and refused to contribute to her support or the support of the child, although she was dependent for maintenance on her own family, where she had voluntarily gone. Even if there was ample justification for her leaving him, the statutory offense of which he was convicted was not proved. The finding and judgment were contrary to the evidence.''

In *Buchan v. Buchan,* 201 Ill. App. 349, the Appellate Court of the Third District held: ''In a suit for separate maintenance where, after leaving her husband without due cause, the complainant, two days before filing her bill, and after having consulted with her attorney in regard to bringing suit, went to her husband's house in company with a person whom her husband had objected to her associating with and offered to live with him if he would do what was right, meaning thereby to be allowed to do things which her husband justifiedly objected to, held insufficient to sustain a finding that such offer was made in good faith, and a decree in her favor should be reversed.''

This proceeding is criminal in its nature, and the evidence of the violation of the statute should be sufficient to prove the plaintiff guilty beyond a reasonable doubt. In our judgment it does not do so and the motion for a new trial should have been granted.

Plaintiff also urged as error the entering of the order for an allowance of $10 per month alimony to be paid during the pendency of this proceeding in this court. There is no statutory provision allowing such an order to be made. The only provision in the act under which this proceeding is brought with reference to an allowance for support of the wife pending a trial is section 3 [Call. 1913 Stat. ¶ 3433(3)], which is as follows: ''Any time before the trial, upon motion of the complainant and upon notice to the defendant, the court at any time or a judge thereof in vacation, may enter such temporary order as may

seem just, providing for the support or maintenance of the wife or child or children of the defendant, or both, *pendente lite,* and may for violation of such order punish the offender as for contempt of court.''

This section, however, has reference to an allowance to the wife before the hearing in the trial court and not to an allowance to be made after the judgment and sentence pending an appeal.

The court erred in entering said order. For the reasons above set forth, the judgment of the trial court will be reversed and said cause will be remanded.

*Reversed and remanded.*