## THE STATE *v.* FOSTER.

By the statute of 1855 (Acts of 1855, p. 113, s. 25,) costs must be taxed to the defendant, upon conviction, in all criminal prosecutions.

APPEAL from the *Grant* Court of Common Pleas.

PERKINS, J.—*Foster* was convicted of an assault and battery, and fined fifty cents, but without costs. The state moved for a taxation of costs against him upon the conviction, but the Court overruled the motion.

It is provided by the code of 1852, touching the practice in criminal actions, (2 R. S. p. 377, s. 117,) that "when the defendant is found guilty, the Court shall render judgment accordingly, and the defendant shall be liable for all costs, unless the Court or jury trying the cause expressly find otherwise."

But section 25, of the act of 1855, (Acts of 1855, p. 113,) enacts that in "all criminal prosecutions, when the person accused shall be acquitted, no costs shall be taxed against

such person, nor against the state or county, for any services rendered in such prosecution by any clerk, &c.; but in all cases of conviction, such fees and costs shall be taxed and collected as in other cases, from the person convicted."

The "other cases" referred to, we may suppose to be civil cases. If so, section 396, p. 126, 2 R. S., explains how costs are recoverable in them. It says:

"In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law."

We have found no provision made by law in civil cases, authorizing the Court or jury to find, at their option, with or without costs; but in certain cases where the plaintiff recovers less than a certain named sum, he does not recover costs.

Unless, therefore, there are other statutory provisions touching the point, and we know of none, we must regard the statute of 1855 as governing the case, and requiring costs to go upon a conviction.

*Per Curiam.*—The entire judgment below is reversed, and the cause remanded for a new trial; provided the defendant is willing to take the reversal on the condition of submitting to a new trial. If he is not, then the judgment as to costs is reversed, and the judgment of conviction and fine affirmed, with instructions to tax the costs against the defendant.

*H. S. Kelly* and *J. Brownlee,* for the state.

*A. Steele* and *H. D. Thompson,* for the appellee.