THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY LEE WILLIAMS, Defendant-Appellant.

(No. 73-339;

Fifth District—October 31, 1974.

Robert E. Farrell, of Mt. Vernon, and Steven Clark, of Chicago, both of State Appellate Defender's Office, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The defendant was convicted of the offense of murder and sentenced to serve a minimum of 20 and a maximum of 30 years in the penitentiary. This court affirmed the conviction but remanded the cause to the circuit court of Madison County for reconsideration of the minimum sentence. *People v. Williams,* 10 Ill.App.3d 456, 294 N.E.2d 98.

The trial court held a hearing to resentence the defendant and imposed a sentence of 17 to 30 years in the penitentiary. The defendant appeals that order and alleges that (1) a minimum sentence in excess of 14 years was not justified and (2) the defendant should have been given sentence credit for time spent in a California mental hospital awaiting extradition to Illinois.

PROPRIETY OF THE 17- TO 30-YEAR SENTENCE.

The state presented no evidence at the resentencing hearing. The defendant called two witnesses and presented seven exhibits in addition to his own testimony at the hearing. The evidence presented by the defendant indicates that the defendant had made great progress toward rehabilitation since his incarceration.

The Unified Code of Corrections (Ill. Rev. Stat., ch. 38, par. 1005—8—1(c)(1)) provides in part:

"(1) [F]or murder, the minimum term shall be 14 years unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term; * * *."

The defendant, stressing the fact that the state introduced no evidence at the hearing, contends that a minimum sentence in excess of 14 years was not justified in light of the above statutory provision.

Even though the state produced no evidence at the sentencing hearing, it does appear that the court considered the nature and circumstances of the offense and the history and character of the defendant. The judge who presided at the defendant's trial was the same judge who resentenced the defendant, and he signed an order which included the statement that he had reviewed the record. He also stated that he had considered the presentence report which was submitted to the trial court on July 9, 1973. He also considered the oral arguments of each attorney which pertained to the nature and circumstances of the offense and the history and character of the defendant.

■■ The trial court also considered the history and character of the defendant before it imposed the sentence. The presentence report which the trial court considered stated that the defendant made a number of achievements since his incarceration. The report also suggests, however, that the defendant had not been a model prisoner. The defendant had been convicted of several minor offenses. When he was 17 years of age he was placed on 6 months' probation for the offenses of assault and reckless driving. He was convicted of a battery and was fined at age 20. He was also convicted of a battery and malicious mischief in the state of California when he was almost 22 years old. It appears that he was fined $700 and given a 50-day jail sentence for that offense.

In our opinion, the trial court, after considering the nature and circumstances of the offense and the history and character of the defendant, did not abuse its discretion in sentencing the defendant to a minimum in excess of 14 years.

CREDIT TIME

The defendant was arrested in California on the basis of a felony-fugitive complaint indicating that he was wanted for murder in Madison County, Illinois. On December 5, 1967, he was adjudicated insane and incompetent to participate in an extradition hearing and was committed to a California state hospital. On January 14, 1969, he was determined to be sane. On February 16, 1969, he was released to Illinois authorities.

The defendant contends that he is entitled to sentence credit for time spent in custody in California awaiting extradition to Illinois from December 5, 1967, to February 6, 1969. Section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat., ch. 38, par. 1005—8—7(b)), provides that:

> "The offender shall be given credit on the maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed."

No case has beeen found which has determined whether a defendant held in an out-of-state mental institution while awaiting extradition to Illinois is entitled to credit for the time spent in that institution. If a defendant is found unfit to stand trial or be sentenced and is hospitalized in the state, he shall be given credit for time spent in the hospital pursuant to the finding of unfitness if he is subsequently sentenced for the offense charged at the time of such finding. (Ill. Rev. Stat., ch. 38, par. 1005—2—2(c); *In re Estate of Schneider,* 130 Ill.App.2d 440, 264 N.E.2d 805.) It has also been held that if a defendant is confined in a foreign state by reason of an Illinois process, and if that defendant is subsequently returned to Illinois and convicted for the offense upon which he was being held, he is entitled to sentence credit for the time confined in the foreign state. (*People ex rel. Bradley v. Davies,* 17 Ill.App.3d 920, 309 N.E.2d 82.) It would follow that time spent in a foreign mental hospital while awaiting extradition to Illinois should be credited to a defendant's sentence if he is sentenced for the offense charged at the time of the incarceration in the mental hospital. In the instant case, it appears that there were no charges pending against the defendant in California when he was hospitalized in that state. The proceedings in California evidently resulted from the criminal charges against the defendant in Illinois. Therefore, within the meaning of section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat., ch. 38, par. 1005—8—7(b)), the time spent by the defendant in a California mental institution was "time spent in custody as a result of the offense for which the sentence was imposed." Defendant is entitled to sentence credit for time spent in California awaiting extradition to Illinois from December 5, 1967, to February 16, 1969.

Therefore, defendant's sentence is modified to give credit for time served in custody while awaiting trial and as modified it is affirmed.

Affirmed as modified.

EBERSPACHER and CARTER, JJ., concur.