THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARTIE KLUCK, Defendant-Appellant.

Fifth District    No. 78-154

Opinion filed March 28, 1979.

Richard J. Wilson and Jeff Justice, both of State Appellate Defender's Office, of Springfield, for appellant.

James E. Dull, State's Attorney, of Mt. Vernon (Robert C. Perry, Raymond F. Buckley, Jr., and Stephen J. Maassen, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

The defendant was convicted of resisting a peace officer by a jury in the circuit court, Jefferson County. He was sentenced to one year probation upon the conditions, among others, that he pay a fine of $500 and court costs of $245.13, and that he serve 10 days periodic imprisonment. In addition to the customary court costs assessed against the defendant, the trial court ordered that he reimburse the county for the per diem fee paid to the jurors as well as their mileage and meal expenses.

Defendant appeals from the portion of his sentence requiring that he pay court costs of $245.13 and a fine of $500, contending that the imposition of jury fees and expenses as a portion of court costs as a condition of probation was not authorized by statute and was in violation of defendant's right to trial by jury. Defendant raises the further question of whether the imposition of a $500 fine as a condition of his probation was an abuse of discretion.

The People contend that the jury costs were properly assessed against the defendant as a cost of the prosecution by virtue of section 13 of division XIV of the Criminal Code of 1874 (Ill. Rev. Stat. 1977, ch. 38, par. 108-3), which provides: "When any person is convicted of an offense under any statute, or at common law, the court shall give judgment that the offender pay the costs of the prosecution." The People further argue

that section 44 of "An Act concerning fees and salaries * * * " (Ill. Rev. Stat. 1977, ch. 53, par. 62), providing for the payment of per diem and mileage to jurors, when taken in conjunction with section 13 of division XIV of the Criminal Code of 1874 (Ill. Rev. Stat. 1977, ch. 38, par. 180-3), requires that the jury fees be taxed as costs and paid by the defendant. We do not agree.

■■■ The allowance and recovery of costs, being unknown at common law rests entirely upon the statutory provisions, which must be strictly construed. (*People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194; *Galpin v. City of Chicago* (1911), 249 Ill. 554, 566, 94 N.E. 961.) In *People v. Nicholls* (1977), 45 Ill. App. 3d 312, 359 N.E.2d 1095, 1098, this court held that the assessment of costs or fees not authorized by statute is an abuse of discretion, citing *People v. Parks* (1920), 216 Ill. App. 529.

■■■ In *Corbin v. People* (1893), 52 Ill. App. 355, 357, the court held that the fees of a foreign witness were properly taxable as costs of prosecution under the provisions of a statute which provided that a witness who attends in a criminal case for either the People or the defendant shall be paid his fees out of the treasury of the county where the crime was committed. The statute was silent as to whether the witness fees were taxable as part of the costs of prosecution. As in *Corbin* section 44 of "An Act concerning fees and salaries * * *" (Ill. Rev. Stat. 1977, ch. 53, par. 62) establishes fees and expenses to be paid to jurors but does not specify that they may be taxed as part of the costs. Although in criminal proceedings the fees and expenses of witnesses would appear to be analogous to the fees and expenses of jurors, the fees and expenses of witnesses were held to be a portion of the costs of prosecution in *Corbin* in the year 1893, while to date no similar application has been made to the statute specifying the amount of jurors' fees and expenses and their mode of payment. It is our opinion, therefore, that the establishment of jurors' fees and expenses as being a portion of the costs of a criminal prosecution is a matter for legislative enactment rather than judicial fiat.

■■ We further find that defendant's contention that the imposition of a $500 fine as a condition of probation was an abuse of discretion has no merit. The offense of which defendant was convicted is a Class A misdemeanor, for which defendant could have been sentenced to confinement for any term less than one year or fined a sum not to exceed $1,000 or punished by the imposition of both such fine and imprisonment. In lieu of such fine and confinement, defendant was sentenced to probation and was ordered to pay such fine during the one-year term of his probation. We find no justification for this court holding that such an order was an abuse of discretion. Therefore, that portion of the order of the trial court assessing a $500 fine as a condition of probation is affirmed.

Affirmed in part and reversed in part.

JONES and KUNCE, JJ., concur.