THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES E. WINKLER, Defendant-Appellant.

Fifth District   No. 78-420

Opinion filed September 14, 1979.

Richard J. Wilson and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

James E. Dull, State's Attorney, of Mt. Vernon (Raymond F. Buckley, Jr., and Stephen J. Maassen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Following a jury trial in the Circuit Court of Jefferson County, defendant, Charles Winkler, was convicted of theft under $150 and sentenced to one year probation on condition that he pay a $250 fine and all costs, including those of the jury. Defendant appeals from his sentence contending that the imposition of jury costs as a condition of probation was not authorized by statute and 'was therefore improper. We agree.

In our recent decision of *People v. Kluck* (1979), 70 Ill. App. 3d 582, 388 N.E.2d 918, we held that jurors' fees and expenses were not includable as "costs of prosecution" under section 13 of division XIV of the Criminal Code of 1874 (Ill. Rev. Stat. 1977, ch. 38, par. 180—3) and therefore could not be imposed as a condition of probation in the absence

of a statute authorizing such action. The State now argues that subsections (b)(2) and (b)(9) of section 5—6—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1005—6—3(b)(2) and (b)(9)) permit the assessment of jury costs against the defendant as an incident of probation. Subsections (b)(2) and (b)(9) provide that:

> "The Court may in addition to other reasonable conditions relating to the nature of the offense or the rehabilitation of the defendant as determined for each defendant in the proper discretion of the court require that the person:
>
> ❋ ❋ ❋
>
> (2) pay the fine and costs;
>
> ❋ ❋ ❋
>
> (9) make restitution in an amount not to exceed actual out of pocket expenses or loss proximately caused by the conduct of the defendant."

While such provisions permit the imposition of court costs (see *People v. Vaughn*, No. 78—287, Fifth Dist., filed July 31, 1979) and an award of restitution for the loss suffered by the victim of the offense as conditions of probation, they do not expressly authorize the assessment of jury fees and expenses in such a situation. As stated in *Kluck*, "The allowance and recovery of costs, being unknown at common law rests entirely upon the statutory provisions, which must be strictly construed." (70 Ill. App. 3d 582, 584, 388 N.E.2d 918; see also *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194.) Accordingly, we believe that the imposition of jury costs as an incident of probation "is a matter for legislative enactment rather than judicial fiat." *People v. Kluck* (1979), 70 Ill. App. 3d 582, 584, 388 N.E.2d 918.

■■ Defendant also argues that he is entitled under section 110—14 of the Code of Criminal Procedure (Ill. Rev. Stat. 1977, ch. 38, par. 110—14) to a reduction in his $250 fine for the time served in jail prior to his conviction. This section provides that:

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. The clerk of the court shall notify the defendant in writing of this provision of the Act at the time he is convicted."

The facts established that defendant was arrested on March 24, 1978, and released four days later on his own recognizance. He now contends that his fine must be reduced by $20 for the four days he spent in jail. We agree. The apparent purpose of section 110—14 is to allow a defendant credit against his fine for the time he spent in custody prior to posting bond or being released on his own recognizance. (Compare Ill. Rev. Stat.

1978 Supp., ch. 38, par. 1005—8—7(b).) Any contrary interpretation of this provision would preclude an accused, who was eventually released on his own recognizance, from receiving credit on a fine imposed upon conviction even though he may have spent as much time in custody prior to trial as a convicted defendant who is permitted a credit against his fine because he was unable to post bond. Although the present defendant failed to apply for the credit upon conviction in the trial court, we do not believe he should be denied such credit where there is no indication that the clerk of the court notified defendant in writing of this provision as required by statute.

For the reasons stated, the judgment of the Circuit Court of Jefferson County is affirmed as modified.

Affirmed as modified.

JONES and KASSERMAN, JJ., concur.