THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANNY L. KERKER, Defendant-Appellant.

Third District   No. 3—83—0007

Opinion filed February 10, 1984.

HEIPLE, J., specially concurring.

Robert Agostinelli and Pamela Peters, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce Black, State's Attorney, of Pekin (John X. Breslin and Patricia Hartmann, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE ALLOY delivered the opinion of the court:

The defendant, Danny Kerker, was charged by information, and later by indictment, in the circuit court of Tazewell County with having committed the offenses of burglary, theft and criminal damage to property on December 21, 1980. (Ill. Rev. Stat. 1981, ch. 38, pars. 19—1(a), 16—1(a)(1), 21—1(a).) On December 22, 1980, the court entered an order appointing the public defender to represent the defendant.

On February 27, 1981, pursuant to a negotiated plea agreement, the defendant entered a plea of guilty to the burglary charge and was sentenced to a term of three years' probation, including a term of 90 days in the county jail, with costs to be deducted from the defendant's deposit for bail security. The defendant was also ordered to pay restitution in an amount to be determined by the probation officer. On June 11, 1981, a supplemental probation order was entered specifying the amount of restitution to be $1,972.69.

On June 18, 1982, a petition was filed to revoke the defendant's probation. That petition alleged that the defendant had committed the offense of unlawful delivery of cannabis. The defendant was also charged by indictment with having committed the same offense. The public defender was again appointed to represent the defendant.

After the probation revocation hearing, the court entered an order on October 28, 1982, finding the defendant guilty of violating his probation and ordering a presentence investigation. On December 16,

1982, the defendant's court-appointed counsel submitted a "certification of services" indicating the amount of time spent on the defendant's case. Thereafter, the court entered an order requiring the defendant to pay $500 within three years as fees for court-appointed counsel and costs. The court then sentenced the defendant to a term of four years' probation with 90 additional days to be served in the county jail. Additionally, the defendant was ordered to continue making restitution payments, as previously ordered, and to pay the sheriff's meal fees.

On appeal before this court, the defendant raises four issues: (1) whether the statute authorizing the court to order the defendant to pay the fees of his court-appointed counsel is unconstitutional; (2) whether the application of that statute to this defendant violates the defendant's rights because the crime was committed prior to the effective date; (3) whether the court erred in ordering restitution without specifying a precise amount and without adequately inquiring into the defendant's ability to pay; and (4) whether the court erred in ordering the defendant to pay sheriff's meal fees when the imposition of such costs is not authorized by statute.

■ Initially, the defendant argues that the statute authorizing the trial court to order the defendant to reimburse the county for the cost of his court-appointed attorney is unconstitutional in that it fails to provide any standards for the imposition of such an order and it fails to provide for adequate notice and hearing. (Ill. Rev. Stat. 1981, ch. 38, par. 113—3.1.) Further, the defendant alleges that the statute is unconstitutional as applied in the instant case because the court failed to conduct an adequate hearing into the defendant's financial capacity. In reply, the State argues that the defendant has waived this issue because he now raises it for the first time on appeal. We agree.

The record reveals that the defendant failed to make any objection whatsoever before the trial court. We find the issue to have been waived and therefore not properly reviewable by this court. *People v. Darnell* (1981), 94 Ill. App. 3d 830, 838, 419 N.E.2d 384, 389.

The defendant, citing *People v. Fields* (1980), 88 Ill. App. 3d 821, 410 N.E.2d 1178, argues that trial counsel was confronted with a conflict of interest and therefore should be excused from not raising the issue. In *Fields*, the issue which counsel failed to raise was ineffective assistance of counsel, with trial counsel's own reputation at stake.

In the instant case, the court-appointed attorney had neither his reputation nor his financial interest at stake. His fees would be paid by the county. All that was at issue was whether the defendant should be required to reimburse the county. Hence, there is no conflict here.

Nor does this issue fall within the plain error doctrine. Finally, we recently upheld the constitutionality of this statute in the face of a similar challenge in *People v. Brewer* (1983), 118 Ill. App. 3d 189.

We turn next to the second issue raised by the defendant: whether the trial court's order that the defendant pay the fees of his court-appointed attorney violates the defendant's rights under the due process and *ex post facto* clauses of the Federal and State constitutions. According to the defendant, the burglary to which the defendant entered a plea of guilty occurred on December 21, 1980. The offense of unlawful delivery of cannabis, for which the defendant's probation was revoked, occurred on October 8, 1981. The statute authorizing the imposition of attorney fees on the defendant did not become effective until July 1, 1982. (Ill. Rev. Stat. 1981, ch. 38, par. 113—3.1, added by Pub. Act 82—708, sec. 1.) Because it had no retroactive application, the defendant argues that it was improperly applied to him.

In reply, the State responds that this issue, also, was waived. Again, we agree. *People v. Amerman* (1971), 50 Ill. 2d 196, 197, 279 N.E.2d 353, 354.

■ We next consider the question of whether the trial court erred in imposing restitution on the defendant without specifically determining the amount and without conducting an adequate hearing into the defendant's financial capacity. Initially, we note that the payment of restitution was imposed on the defendant at the time he entered his guilty plea. From that order of the court no appeal was taken. Therefore, it is clearly not a question which the defendant can raise before this court at this time. (*People v. Lambert* (1974), 23 Ill. App. 3d 615, 618, 320 N.E.2d 395, 397.) We disagree with the defendant's position that this falls within a limited exception recognized by the supreme court because the restitution order does not significantly restrict the liberty of the defendant. *People v. McCarty* (1983), 94 Ill. 2d 28, 37.

At the sentencing hearing following the revocation of the defendant's probation, the State asked that the defendant be ordered to "continue" making restitution payments and that the bond posted by the defendant for the unlawful delivery charge be applied against the balance owed. While the defendant could have objected to the reinstatement of the restitution order before the trial court, he did not. We therefore find this issue to have been waived.

■ Finally, we turn to the question of whether the court erred in ordering the defendant to pay sheriff's meal fees. Both the State and the defendant agree that it did. However, they disagree as to the reason. According to the State, the trial court erred because the record shows that the defendant lacked sufficient financial capacity to pay

sheriff's meal fees. According to the defendant, the court erred because there is no statutory authorization for the tax of sheriff's meal fees against the defendant as costs. We agree with the defendant.

The allowance and recovery of costs, being unknown at common law, rests entirely upon statutory provisions, which must be strictly construed. Furthermore, the assessment of costs or fees not authorized by statute is an abuse of discretion. (*People v. Kluck* (1979), 70 Ill. App. 3d 582, 584, 388 N.E.2d 918, 919.) Because there is no statutory authorization for the court's order that the defendant pay sheriff's meal fees, that part of the order must be vacated.

Accordingly, that part of the order requiring that the defendant pay the sheriff's meal fees is vacated. The remainder of the order of the circuit court of Tazewell County is affirmed.

Affirmed in part; vacated in part.

BARRY, J., concurs.

JUSTICE HEIPLE, specially concurring:

I concur in the majority opinion which reverses the trial court's order requiring the defendant to pay for his meals while in jail. Based on the law as it is currently written, the order must be vacated. But for reasons which follow, I believe that our State legislature should consider making a change in the law.

It is true that there is no statutory authority which permits a court to order a defendant to pay for his meals as part of a jail sentence. However, there is a statute which permits a county board to assess against a defendant the cost of his incarceration in the county jail to the extent of his ability to pay. If an ex-offender refuses to pay such assessment, a collection can be accomplished only if the county board requests the State's Attorney to institute a civil action. Ill. Rev. Stat. 1981, ch. 75, par. 24.

It would be substantially more practical and efficient if courts were given authority to order a defendant to pay such expenses either as costs or as a condition of periodic imprisonment pursuant to a sentence of probation. Such an order could be based on the same principles which govern an order of restitution as a condition of probation (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—3(b)(9)) or a judgment for costs (Ill. Rev. Stat. 1981, ch. 38, par. 180—3) and would eliminate the need to resort to a civil action for collection.