THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLIE WITT BRATCHER, Defendant-Appellant.

Fifth District   No. 5—85—0716

Opinion filed October 21, 1986.—Supplemental opinion on denial of rehearing December 5, 1986.

Randy E. Blue and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

David W. Hauptmann, State's Attorney, of Harrisburg (Kenneth Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Defendant, Charlie Witt Bratcher, appeals from a judgment of the circuit court of Saline County revoking defendant's probation and imposing sentence upon a judgment convicting defendant of seven counts of the offense of deceptive practice (Ill. Rev. Stat. 1979, ch. 38, par. 17—1(B)(d)).

Defendant was charged by information with seven counts of deceptive practice. (Ill. Rev. Stat. 1979, ch. 38, par. 17—1(B)(d).) When viewed together, the counts charged that, on August 8, 1980, defendant delivered seven checks, totaling $202.77, to various merchants, knowing that the checks would not be paid by the depository bank. Each count also alleged that the charge was a series of separate transactions totaling in excess of $150 and occurring within a 90-day

period. After being informed by the trial court that he was being charged with seven Class 4 felonies, defendant pleaded guilty to all seven counts, and the court entered judgment on the pleas. The court ordered defendant to pay restitution and sentenced defendant to 30 days in jail and one year's probation. Defendant did not file a motion to withdraw his plea and vacate the judgment. (103 Ill. 2d R. 604(d).) The trial court subsequently revoked defendant's probation and sentenced defendant to six concurrent terms of three years' imprisonment and a concurrent term of 30 months or probation. Defendant was ordered to pay $212.74 in fines and costs and to make restitution, as a condition of probation, for medical and extradition expenses. Defendant filed a timely notice of appeal. 103 Ill. 2d R. 604(b).

▇▇▇▇ The first issue is whether the trial court erred in convicting and sentencing defendant for seven Class 4 felonies of deceptive practice. Section 17—1(B) of the Criminal Code of 1961 provides that an offense of deceptive practice under section 17—1(B)(d) (Ill. Rev. Stat. 1979, ch. 38, par. 17—1(B)(d)) constitutes a Class A misdemeanor (Ill. Rev. Stat. 1979, ch. 38, par. 17—1(B)). However, the statute also provides that "when the value of the property so obtained, in a single transaction, or in separate transactions within a 90 day period, exceeds $150, [defendant] shall be guilty of a Class 4 felony. *** [S]uch separate transactions shall be alleged in a single charge and provided in a single prosecution." (Ill. Rev. Stat. 1979, ch. 38, par. 17—1(B).) The court's function in statutory interpretation is to give effect to the intention of the legislature. (*Interlake, Inc. v. Industrial Com.* (1983), 95 Ill. 2d 181, 192, 447 N.E.2d 339, 345.) In ascertaining legislative intent, the court looks to the language of the statute, and if the legislature's intent may be ascertained from the language employed in the statute, it will be given effect without resorting to other aids of construction. (95 Ill. 2d 181, 192-93, 447 N.E.2d 339, 345.) Here the language of the statute is clear, and there is no doubt that the legislature intended to classify the offense of deceptive practice in violation of section 17—1(B)(d), where the defendant has issued a series of "bad checks" in excess of $150 within a 90-day period, as a single Class 4 felony. (Ill. Rev. Stat. 1979, ch. 38, par. 17—1(B); see also *People v. Beam* (1979), 74 Ill. 2d 240, 243, 384 N.E.2d 1315, 1316.) Therefore, the trial court improperly entered judgment on seven Class 4 felony counts of deceptive practice where the statute permits conviction of only one felony.

▇▇ The State argues that, even if defendant was improperly convicted and sentenced for seven Class 4 felonies of deceptive practice, he has waived the issue for purposes of review by failing to make it

the subject of an appeal from the original conviction. (103 Ill. 2d R. 604(d).) The State relies upon *People v. Stueve* (1977), 66 Ill. 2d 174, 361 N.E.2d 579, wherein our supreme court ruled that since the propriety of two judgments entered by the trial court had not been properly presented to the appellate court, that court could not review the judgments unless they were void. The court subsequently noted that "[t]he *Stueve* line of cases recognizes that certain irregularities at trial or sentencing are not waived by failure to object in timely or procedurally correct fashion. [Citations.]" (*People v. McCarty* (1983), 94 Ill. 2d 28, 36-37, 445 N.E.2d 298, 303.) Decisions which have held certain judgments to be void, and hence not waived by failure to object in a proper fashion, are based upon the principle that a conviction or an order significantly restricting the liberty of a defendant must have statutory authorization and is a nullity otherwise. (*People v. McCarty* (1983), 94 Ill. 2d 28, 37, 445 N.E.2d 298, 303, citing *In re R.R.* (1982), 92 Ill. 2d 423, 442 N.E.2d 252; *People v. Wagner* (1982), 89 Ill. 2d 308, 433 N.E.2d 267; *In re T.E.* (1981), 85 Ill. 2d 326, 423 N.E.2d 910.) In the instant cause the statute authorizes the imposition of only one Class 4 felony where a series of transactions totaling more than $150 have occurred within a 90-day period. (Ill. Rev. Stat. 1985, ch. 38, par. 17—1(B).) The conviction of seven Class 4 felonies is in excess of what is authorized by statute. Therefore, the judgment with regard to six of the counts is void and is subject to collateral attack by defendant.

Having concluded that the trial court erred in its application of the enhancement provision of section 17—1(B) of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 17—1(B)), this cause must be remanded for resentencing on one Class 4 felony of deceptive practice.

■ The second issue is whether defendant was given the proper amount of credit toward his sentence of imprisonment, upon revocation of his probation, for time spent in custody prior to sentencing. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—7(b).) The order of the trial court entitles defendant to 164 days' credit. No credit was given for time served on probation. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(h).) It appears that the trial court allowed defendant credit for 134 days, which he had served in jail during the pendency of the probation revocation and sentencing hearing, and for 30 days served in jail as a condition of the original probation order. (See *People v. Scheib* (1979), 76 Ill. 2d 244, 251, 390 N.E.2d 872, 875.) Defendant contends that the trial court improperly based its calculation of credit upon the date that the court pronounced oral sentence, September 27, 1985, as opposed to October 1, 1985, the date the written judgment was entered.

Defendant also maintains that he is entitled to additional credit for days spent in custody prior to being delivered to the Department of Corrections and for time spent incarcerated in Kansas and Florida awaiting extradition to Illinois.

The object of the credit requirement of section 5—8—7(b) of the Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—7(b)) is to account for all time served in confinement for a particular offense. (*People v. Scheib* (1979), 76 Ill. 2d 244, 250, 390 N.E.2d 872, 875; *People v. Leggans* (1986), 140 Ill. App. 3d 268, 270, 488 N.E.2d 614, 615.) We believe that upon resentencing defendant should be given an additional three days' credit based upon his confinement from September 27, 1985, through October 1, 1985. Furthermore, should defendant establish the number of days he was confined from October 1, 1985, until he was delivered to the Department of Corrections (see *People v. Leggans* (1986), 140 Ill. App. 3d 268, 270, 488 N.E.2d 614, 615) and the period he was confined while awaiting extradition (*People v. Williams* (1974), 23 Ill. App. 3d 127, 130, 318 N.E.2d 692, 694), credit should be given accordingly.

■ The third issue is whether defendant is entitled to a credit of $5 against his fine for each day spent in custody prior to sentencing. (Ill. Rev. Stat. 1985, ch. 38, par. 110-14.) The State maintains that defendant is not entitled to the credit because he failed to make application as required by statute. (Ill. Rev. Stat. 1985, ch. 38, par. 110—14.) The record fails to indicate that the clerk of the court notified defendant in writing of this statutory provision, and, therefore, defendant's failure to apply for the credit in the trial court does not preclude such application on appeal. (*People v. Smith* (1985), 133 Ill. App. 3d 613, 617, 479 N.E.2d 328, 331.) Defendant is entitled to a credit of $5 per day for the time spent incarcerated from May 18, 1985, through September 27, 1985. Defendant is not entitled to credit for time spent in custody as a condition of the original probation order or for time spent in custody after sentencing because he was not incarcerated on a bailable offense. (Ill. Rev. Stat. 1985, ch. 38, par. 110—14. See *People v. Leggans* (1986), 140 Ill. App. 3d 268, 272, 488 N.E.2d 614, 616.) Because the credit may not exceed the amount of the fine (Ill. Rev. Stat. 1985, ch. 38, par. 110—14), upon remand the court must determine what portion of the $212.74 constitutes a fine, as opposed to costs, as defendant is not entitled to credit against court costs.

■ The fourth issue is whether the trial court erred in ordering defendant to pay $252.44 in medical expenses incurred while confined in the county jail and $346.87 in extradition expenses. The trial court

ordered defendant to make restitution for these costs as a condition of the 30 months' probation imposed under count VII. Defendant contends that section 5—6—3(b)(8) of the Unified Code of Corrections, providing for restitution as a condition of probation, does not authorize restitution to the county for a prisoner's medical or extradition expenses. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—3(b)(8).) He also asserts that medical and extradition expenses cannot be assessed against a defendant as costs of the prosecution. (Ill. Rev. Stat. 1985, ch. 38, par. 180—3.) According to defendant, the applicable statute governing a prisoner's medical expenses is section 17 of "An Act in relation to prisoners and jails ***" (Ill. Rev. Stat. 1985, ch. 75, par. 117) and, even under this provision, defendant cannot be ordered to pay medical expenses because the record lacks evidence showing that defendant is reasonably able to pay such costs. The State maintains that defendant may be ordered to make restitution for medical and extradition expenses as a condition of probation. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—3(b)(8).) Furthermore, the State maintains that, if upon remand the trial court enters a sentence of imprisonment, defendant may be ordered to pay medical and extradition expenses as costs of the prosecution. Ill. Rev. Stat. 1985, ch. 38, par. 180—3.

Section 5—6—3(b)(8) of the Code provides that, as a condition of probation, the court may order the defendant to make restitution as provided for in section 5—5—6 of the Code. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—3(b)(8).) In previous decisions, we have held that neither the Multi-County Drug Enforcement Group nor the Illinois Division of Criminal Investigation were "victims" for purposes of the restitution provision. (*People v. Winchell* (1986), 140 Ill. App. 3d 244, 247, 488 N.E.2d 620, 622; *People v. Evans* (1984), 122 Ill. App. 3d 733, 739-40, 461 N.E.2d 634, 639.) While *Winchell* and *Evans* involved the expenditure of public monies in the pursuit of solving crimes, the commonly accepted understanding of the word "victim" would be no less strained were we to deem the county that expends monies on extraditing a defendant and on the medical care of a prisoner a "victim" for purposes of restitution. (See *People v. Winchell* (1986), 140 Ill. App. 3d 244, 247, 488 N.E.2d 620, 622; *People v. Evans* (1984), 122 Ill. App. 3d 733, 740, 461 N.E.2d 634, 639.) Therefore, the trial court erred in ordering defendant to make restitution, as a condition of probation, for medical and extradition expenses.

The State argues that upon resentencing the medical and extradition expenses may be imposed by the trial court as costs of the prosecution under section 13 of "An Act to revise the law in relation to criminal jurisprudence" (Ill. Rev. Stat. 1985, ch. 38, par. 180—3).

The allowance and recovery of costs rests entirely upon statutory provisions, which must be strictly construed. (*People v. Nicholls* (1978), 71 Ill. 2d 166, 173, 374 N.E.2d 194, 197; *People v. Kluck* (1979), 70 Ill. App. 3d 582, 584, 388 N.E.2d 918, 919.) Furthermore, the assessment of costs or fees not authorized by statute constitutes an abuse of discretion. 70 Ill. App. 3d 582, 584, 388 N.E.2d 918, 919.

■ Recently we have held that a court may not order a defendant to pay for meals received while in jail as costs of the prosecution. (*People v. Kerker* (1984), 121 Ill. App. 3d 1072, 1076, 460 N.E.2d 771, 773-74.) The State's contention that defendant may be ordered to pay for his medical expenses as costs of the prosecution (Ill. Rev. Stat. 1985, ch. 38, par. 180—3) is analogous to the situation presented in *Kerker*. In *Kerker* the trial court's order requiring defendant to pay sheriff's meal fees was vacated because there was no statutory authorization for the order. (121 Ill. App. 3d 1072, 1076, 460 N.E.2d 771, 773-74.) The concurring opinion in *Kerker* went on to note that, while it may be preferable for the legislature to broaden the scope of the "judgment for costs" statute (Ill. Rev. Stat. 1985, ch. 38, par. 180—3) so as to give authority to the courts to order a defendant to pay such expenses, no statutory authorization for the trial court's order existed at that time. (121 Ill. App. 3d 1072, 1076, 460 N.E.2d 771, 774 (Heiple, J., concurring).) In accordance with the principle of strict construction (*People v. Nicholls* (1978), 71 Ill. 2d 166, 173, 374 N.E.2d 194, 197), we decline to extend the scope of section 13 of "An Act to revise the law in relation to criminal jurisprudence" (Ill. Rev. Stat. 1985, ch. 38, par. 180—3) and conclude that a court may not order a defendant to pay for medical expenses incurred while in jail as a cost of prosecution.

Although we have determined that a court may not order a defendant to make restitution to the county for medical expenses or be ordered to pay such expenses as costs of the prosecution, section 17 of "An Act in relation to prisoners and jails ***" (Ill. Rev. Stat. 1985, ch. 75, par. 117) provides that a prisoner shall reimburse the county for medical services to the extent that such person is reasonably able to pay for the care. Section 20 of the Act permits the county board to assess the costs of incarceration in the county jail against a convicted person to the extent of his ability to pay. (Ill. Rev. Stat. 1985, ch. 75, par. 120; see also *People v. Kerker* (1984), 121 Ill. App. 3d 1072, 1076, 460 N.E.2d 771, 774 (Heiple, J., concurring).) Should the individual refuse to pay the assessment, the State's Attorney may institute a civil action for collection. (Ill. Rev. Stat. 1985, ch. 75, par. 120; see also *People v. Kerker* (1984), 121 Ill. App. 3d 1072, 1076, 460

N.E.2d 771, 774 (Heiple, J., concurring).) The county board has made no such assessment against defendant and we, therefore, deem it unnecessary to address defendant's contention that the record does not show that he is reasonably able to pay for the medical expenses.

■ The State also contends that extradition expenses may be imposed as costs of the prosecution (Ill. Rev. Stat. 1985, ch. 38, par. 180—3). Statutes authorizing sheriff's fees (Ill. Rev. Stat. 1985, ch. 53, par. 37) and witness' fees (Ill. Rev. Stat. 1985, ch. 53, par. 65) have been relied upon as bases for taxing such fees as costs of prosecution (Ill. Rev. Stat. 1985, ch. 38, par. 180—3). (See *People v. Hanei* (1980), 81 Ill. App. 3d 690, 707-08, 403 N.E.2d 16, 29; *People v. Brunkhorst* (1980), 80 Ill. App. 3d 815, 817, 400 N.E.2d 472, 473.) However, the rule that statutory provisions providing for the recovery of costs must be strictly construed (*People v. Nicholls* (1978), 71 Ill. 2d 166, 173, 374 N.E.2d 194, 197) would be significantly strained were we to rely upon section 24 of the Unified Criminal Extradition Act (Ill. Rev. Stat. 1985, ch. 60, par. 41) as a basis for determining that extradition expenses may be imposed upon a defendant as a cost of prosecution (Ill. Rev. Stat. 1985, ch. 38, par. 180—3). We conclude that extradition expenses may not be imposed upon a defendant as costs of the prosecution.

In summary, the judgment of conviction with regard to six felony counts of deceptive practice is vacated and the cause is remanded for resentencing on one Class 4 felony count of deceptive practice and with directions to amend the mittimus accordingly. Upon remand, the trial court is further directed to vacate that portion of the judgment ordering defendant to pay medical and extradition expenses and to determine the amount of credit defendant is entitled to against both any fine or term of imprisonment imposed.

Vacated in part and remanded in part with directions.

KASSERMAN, P.J., and HARRISON, J., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

PRESIDING JUSTICE KARNS delivered the opinion of the court:

■ Defendant requests that this court reconsider its decision to remand this cause for resentencing in light of the fact that defendant has completed his term of incarceration and has been released from prison on mandatory supervisory release. Defendant's point is well

taken and we, therefore, strike the provision in our original judgment requiring sentencing on one Class 4 felony. This cause is remanded to the trial court with directions to impose the maximum sentence of three years' imprisonment upon defendant's remaining conviction and to award credit for time served.

KASSERMAN and HARRISON, JJ., concur.