THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID A. HAYES, Defendant-Appellant.

Fourth District   No. 4—87—0222

Opinion filed March 9, 1988.

Daniel D. Yuhas and Richard D. Frazier, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Benson, State's Attorney, of Paxton (Kenneth R. Boyle, Robert J. Biderman, and Michael Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant appeals a decision of the circuit court of Ford County ordering him to reimburse the county for the cost of his public defender's services. Defendant maintains the circuit court erred by failing to consider a statement of assets and liabilities, by ordering recoupment despite his lack of foreseeable ability to pay it, and by failing to determine whether the $4,100 reimbursement amount was reasonable.

We vacate the recoupment order and remand for further proceedings.

Defendant was charged with aggravated battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—4(b)(6)), two counts of criminal damage to property (Ill. Rev. Stat. 1985, ch. 38, par. 21—1(a)), resisting a police officer (Ill. Rev. Stat. 1985, ch. 38, par. 31—1), and disorderly conduct (Ill. Rev. Stat. 1985, ch. 38, par. 26—1(a)(1)). A jury convicted defendant of resisting a police officer. On appeal, this court reversed the conviction. *People v. Hayes* (1987), 57 Ill. App. 3d 1161 (unpublished Rule 23 order).

On February 9, 1987, defendant was mailed notice of a recoupment hearing. The public defender's office filed an affidavit of ser-

vices and an itemized listing of time spent on defendant's case. The total was 82.1 hours, and the recoupment request was for $4,100. Defendant did not appear at this hearing. The court entered a default order for $4,100, which it found was a reasonable amount. Subsequently, the trial court vacated the order.

A second hearing occurred on February 25, 1987. Although defendant had been notified of the second hearing, he failed to appear. The court, in a bystander's report, stated the evidence consisted of the public defender's affidavit and that it took note that defendant was able-bodied and employable. It entered a default order for $4,100. Defendant did not seek a rehearing or move to vacate the order. The defendant appeals the order.

■ Section 113—3.1(a) of the Code of Criminal Procedure of 1963 (Code) states:

"Whenever under either Section 113—3 of this Code or Rule 607 of the Illinois Supreme Court the court appoints counsel to represent a defendant, the court may order the defendant to pay the Clerk of the Circuit Court a *reasonable sum* to reimburse either the county or the State for such representation. *In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under Section 113—3 of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties.*" (Emphasis added.) Ill. Rev. Stat. 1985, ch. 38, par. 113—3.1(a).

Initially, defendant argues the court erred by failing to consider his statement of assets and liabilities. Defendant filed a statement of assets and liabilities showing an income of approximately $400 per month. He did not list any debts and owned a 1977 automobile. The bystander's report does not indicate that the court considered this statement in ordering recoupment. Therefore, the order must be vacated. Ill. Rev. Stat. 1985, ch. 38, par. 113—3.1; *People v. Brown* (1987), 154 Ill. App. 3d 692, 506 N.E.2d 1059.

■ Defendant next asserts the trial court erred by not considering his ability to pay the recoupment order. Section 113—3.1 of the Code requires reimbursement be a reasonable sum. It recognizes that reason may require that only partial recoupment be ordered. The statute is geared to the defendant's ability to pay. (*People v. Kelleher* (1983), 116 Ill. App. 3d 186, 452 N.E.2d 143, *cert. denied* (1984), 466 U.S. 907, 80 L. Ed. 2d 160, 104 S. Ct. 1686.) The trial court may order defendant to reimburse the county for court-appointed counsel only where the defendant's ability to pay is reasonably foreseeable.

*(People v. Phillips* (1986), 150 Ill. App. 3d 531, 502 N.E.2d 80, *cert. denied* (1987), ___ U.S. ___, 96 L. Ed. 2d 378, 107 S. Ct. 2486.) The mere fact that defendant is employable does not make his ability to reimburse the county reasonably foreseeable. *(People v. Tillery* (1986), 141 Ill. App. 3d 610, 490 N.E.2d 967.) We recognize, however, that here defendant did not appear or contest his ability to repay the county. We cannot, therefore, say the trial court's assessment was erroneous, given the fact that it considered defendant's ability to pay the recoupment order.

■ Defendant next argues the recoupment amount was unreasonable. The statute requires a consideration of the reasonableness of the recoupment order. (Ill. Rev. Stat. 1985, ch. 38, par. 113—3.1; *Brown*, 154 Ill. App. 3d 692, 506 N.E.2d 1059.) The trial court should consider defendant's affidavit, financial circumstances, the monetary amount stated in the statute, and the nature of the services provided in making a reasonableness determination. *(Brown*, 154 Ill. App. 3d 692, 506 N.E.2d 1059.) The trial court here found that because the order would be entered as a "default" order, the $4,100 amount was reasonable. Regardless of the defendant's absence, the court has an obligation to consider his statement of assets and liabilities, the nature of the services, and the monetary amounts in reaching its decision. We note that the hourly rate here is approximately $50 per hour. Although not applicable to Ford County, section 113—3(c) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 113—3(c)) provides guidance. In counties over two million population, the rate of compensation is $40 an hour for time spent while court is in session and $30 an hour for time spent otherwise representing defendant for privately appointed counsel.

The State argues defendant waived his right to contest the recoupment order by his failure to appear at the hearing. *(People v. Kerker* (1984), 121 Ill. App. 3d 1072, 460 N.E.2d 771.) We disagree. The trial court was obligated to abide by the statute despite defendant's absence from the hearing.

For the above reasons, we vacate the recoupment order and remand for further proceedings consistent with this disposition.

Vacated and remanded.

GREEN, P.J., and SPITZ, J., concur.