Nathan M. GOOCH, Appellant–
Defendant,

v.

STATE of Indiana, Appellee.

No. 34A02–9507–CR–391.

Court of Appeals of Indiana.

Sept. 17, 1997.

Caroline B. Briggs, Flora, for Appellant–Defendant.

Pamela Carter, Attorney General, Rafal Ofierski, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SULLIVAN, Judge.

Nathan M. Gooch (Gooch) appeals his conviction of Operating a Vehicle While Intoxicated (OWI).[1] Gooch claims that his conviction must be reversed for the following reasons:

1) The trial court erroneously denied his motion for change of venue;

2) The trial court erroneously refused to strike two jurors for cause; and

3) The court's assessment of jury fees to Gooch unconstitutionally "chilled" his right to a trial by jury.

We affirm in part and reverse in part.

On November 18, 1994, Gooch was charged with OWI.[2] This was not, however, Gooch's first motor vehicle-related embroilment with the Howard County courts. In July of 1989, Gooch was involved in a motor vehicle accident in which a Howard County resident was fatally injured. Gooch was subsequently charged and convicted of Reckless Homicide. Although the authorities never alleged that the 1989 incident was alcohol-related, Gooch believes that many county residents suspected that alcohol was involved. In fact, Gooch claims that the local newspaper, the *Kokomo Tribune*, published an article prior to the instant trial which intimated that the 1989 accident was alcohol-related.[3]

Because of his suspicion, Gooch filed a pre-trial motion for a change of venue from Howard County, reasoning that due to the notoriety of the 1989 accident and the community's erroneous belief that Gooch had been drinking at the time, he could not be tried by a fair and impartial jury. Gooch's motion, which was renewed at various stages of the proceedings, was repeatedly denied. Gooch's fear of juror prejudice also surfaced during voir dire, and defense counsel sought to strike all jurors who had knowledge of Gooch's 1989 accident and conviction. The court, however, stated that it would only find cause to strike those jurors who both had knowledge of the prior conviction and who indicated that they could not be fair and impartial. Gooch moved to strike a number of jurors for cause. Two of these motions, to strike jurors Wells and Merrick, were denied. Gooch was subsequently convicted and assessed with $1060.00 for jury fees.

## I.

Gooch first claims that he was deprived of his right to a fair trial because the trial court denied his request to move the trial to another county. A change of venue is generally warranted only when the trial court determines in its sound discretion that, due to the existence of community bias or prejudice, the defendant could not otherwise obtain a fair trial. *Slone v. State* (1986) Ind., 496 N.E.2d 401. Moreover, the fact that potential jurors have heard information about the defendant does not require a change of venue; rather, the more apposite question is whether potential jurors had a preconceived notion of a defendant's guilt and whether they were able to disabuse themselves of that predilection and render a verdict based upon the evidence. *Id.* We look to the voir dire record to determine the validity of a motion for change of venue. *Kappos v. State* (1984) Ind., 465 N.E.2d 1092.

The trial court judge, aware of the notoriety of the 1989 incident, started with an unusually large pool of potential jurors, and, along with defense counsel, subjected the venire panel to extensive voir dire. All the jurors were asked if they knew anything about Gooch prior to the trial. The potential

---

1. I.C. 9–30–5–2 (Burns Code Ed.Repl.1997).

2. Gooch does not challenge the sufficiency of evidence supporting his conviction.

3. This article appears nowhere in the record.

jurors who indicated that they could not be fair to Gooch due to the prior accident were promptly removed from the panel for cause. Of the impaneled jurors, only three indicated that they had heard of the defendant before the trial. All three indicated that they would be able to render a verdict based exclusively upon the evidence. Finally, all of the jurors took an oath to decide the case exclusively upon the evidence presented at trial. The record reveals that the judge painstakingly attempted to select a jury which would ignore any prior knowledge of the defendant and decide the case solely upon the evidence. All of the selected jurors indicated that their performance would satisfy this criteria. Given the efforts of the trial court and the assurances of the jurors, we cannot say that the court abused its discretion in refusing to move the trial out of Howard County.[4]

## II.

Gooch also argues that the trial court erroneously refused to strike jurors Wells and Merrick for cause, forcing him to spend one of his preemptory strikes to remove Wells. The removal of a juror for cause is a decision within the discretion of the trial court, and this decision will be reversed only if it is illogical or arbitrary. *Walker v. State* (1993) Ind., 607 N.E.2d 391, *reh'g denied; Jackson v. State* (1992) Ind., 597 N.E.2d 950, *cert. denied,* 507 U.S. 976, 113 S.Ct. 1424, 122 L.Ed.2d 793. A juror's lack of knowledge or misunderstanding of the law will not necessarily disqualify him if the juror indicates that he or she can apply the law as instructed by the court, and refusal to strike a juror for cause under such circumstances is neither illogical nor arbitrary. *Jackson, supra,* 597 N.E.2d at 950. Moreover, when a juror has some preconceived notion about the guilt of a defendant, the trial court may, within its discretion, refuse a motion to strike for cause if the juror states that he or she will impartially render a ver-

dict based upon the evidence. I.C. 35–37–1–5 (Burns Code Ed.Repl.1994).

Gooch sought to remove juror Merrick for cause after Merrick stated that he would give more weight to the testimony of police officers than to other witnesses. However, Merrick also stated that he would do his best to be fair, to set aside extraneous information, and to form an opinion as to Gooch's guilt only after hearing all of the evidence. Moreover, while he indicated that he might consider a police officer to be more credible than another witness, Merrick stated that he would accept the trial court's instruction that Gooch was not obligated to testify on his own behalf. The trial court was apparently satisfied by the above-cited assurances that Merrick would be impartial and would follow the court's instructions. Although the court could have appropriately excused him, we cannot say that the court's refusal to strike juror Merrick for cause was illogical or arbitrary.

Gooch also moved to disqualify juror Wells. During voir dire, Wells was overtly upset about the prospect of serving as a juror in light of her knowledge of the 1989 case. Although Wells initially indicated that she might not be able to be impartial, she ultimately concluded that she understood that the two cases were separate events and stated that she could disregard her knowledge of the 1989 accident and base her decision upon the evidence presented. In light of this assurance, the court's refusal to strike juror Wells for cause was neither illogical nor arbitrary. The trial court did not abuse its discretion in refusing to disqualify for cause jurors Merrick and Wells.

## III.

Gooch finally contends that the trial court's assessment of jury fees unconstitutionally "chilled" his right to a trial by jury. Crimi-

4. Gooch also asks us to consider his request for a change of venue by balancing the potential prejudice he faced in Howard County against the ease and convenience of moving the trial to, for example, an adjacent county. Such a balancing of prejudice and convenience, while not unreasonable in theory, does not appear to be the law in Indiana. The trial court was simply not required

to consider the convenience of moving the trial; rather, it was charged with ensuring that the jury was peopled with individuals who could render a verdict solely upon the evidence presented at trial. After extensive voir dire, the trial court was convinced that the selected jurors met this qualification.

nal defendants in Indiana are guaranteed the right to a trial by jury through article 1, section 13 of the Indiana Constitution and by the Sixth Amendment to the United States Constitution. Gooch argues that the assessment of a fee for the exercise of one's constitutional right to a jury trial runs afoul of these two provisions. He also argues that his right to equal protection under the law, afforded by the Fourteenth Amendment to the United States Constitution, has been violated insofar as the imposition of jury fees upon criminal defendants impermissibly treats similarly situated individuals differently depending upon whether they choose to exercise their constitutional rights. The State, for its part, reasons that the assessment of jury fees is not more unconstitutional than the requirement that criminal defendants shoulder certain expenses associated with criminal defense, such as court costs, appellate fees, and the cost of representation itself.

It has long been the law of this state that one who is convicted of a criminal offense may appropriately be assessed the costs of prosecution. *Board of Comm'rs of Miami County v. Blake* (1863) 21 Ind. 32; *State v. Foster* (1857) 9 Ind. 139. However, it appears to be the general rule that since the recovery of costs was unknown at common law, expenses such as those incurred in connection with juries may not be assessed against a convicted defendant unless such assessment has been specifically authorized by the legislature. *See, e.g., Gleckman v. United States* (1935) 8th Cir., 80 F.2d 394, *cert. denied,* 297 U.S. 709, 56 S.Ct. 501, 80 L.Ed. 996; *Walden v. State* (1988) 258 Ga. 503, 371 S.E.2d 852; *People v. Kluck* (1979) 70 Ill.App.3d 582, 26 Ill.Dec. 917, 388 N.E.2d 918; *State v. Thomson* (1961) 188 Kan. 171, 360 P.2d 871. Moreover, the broad statutory authority to assess the "costs of prosecution" against a convicted defendant is generally held not to include the authority to tax a defendant with jury expenses, on the theory that these are not costs of prosecution, but rather represent expenditures which must be made in order to maintain and operate the judicial system irrespective of specific violations of the law. *Mickler v. State* (1996) Fla.App., 682 So.2d 607.

There is no statutory authority in Indiana for the assessment of costs relating to jury service against a convicted defendant. I.C. 33–19–5–1 sets forth the various fees which may be collected from a defendant in a criminal action resulting in a felony or misdemeanor conviction. This statute provides that such convicted defendants must pay a criminal costs fee of $110,[5] I.C. 33–19–5–1(a), and may be required to pay one or more of a number of other fees. I.C. 33–19–5–1(b). However, nowhere in this statute is to be found the authority for a trial court to assess a convicted defendant with jury fees. We need not determine whether the legislature could properly direct a trial court to assess jury fees against a convicted defendant, for it has not done so. Absent such authority, the trial court had no power to assess jury costs against Gooch, and they must be returned to him upon remand if he has indeed paid them.

The judgment of the trial court is affirmed in part and reversed in part.

SHARPNACK, C.J., and KIRSCH, J., concur.

---

**5.** The current statute, effective July 1, 1997 raises this amount to $120. (Burns Code Ed.Supp. 1996).